# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF INDIANA,
### INDIANAPOLIS DIVISION

| | |
|---|---|
| **PAIN CENTER OF SE INDIANA, LLC,** *et al.*, <br><br> **Plaintiffs,** <br><br> *vs.* <br><br> **ORIGIN HEALTHCARE SOLUTIONS, LLC,** *et al.*, <br><br> **Defendants.** | **CAUSE NO. 1:13-cv-133-RLY-DKL** |

**ENTRY**
**Plaintiffs'** *Verified Petition To Hold Defendants in Contempt* **[doc. 113]**

Plaintiffs move the Court to order Defendants to show cause why they should not be held in contempt for failing to comply with the Court's July 25, 2014 order to produce documents in response to Plaintiff's request for production. Plaintiffs want an order to compel production and an award of attorney's fees that they have incurred as a result of Defendant's non-compliance.

The *Entry and Order on Telephonic Status Conference, July 18, 2014* [doc. 107], issued on July 25, 2014 ("*July 25 Order*"), ordered Defendants to produce documents responsive to Plaintiffs' requests for production nos. 84, 86, 87, 92, 93, 95, 99, and 100, all of which are part of Plaintiffs' so-called "alter-ego discovery." The Court limited the ordered production to the time period "from 2003 to the date that SSIMED became a wholly owned subsidiary of Origin Healthcare Solutions" if the parties agreed to three proposed

1

stipulations by July 28, 2014; otherwise, the time periods for production would be those specified in the ruling on each request. *July 25 Order* ¶ 1. The parties did not agree to the stipulations by the deadline. About a month later, during another telephonic status conference, the Court set a deadline of August 28, 2014 for Defendants to comply with its *July 25, 2014 Order* regarding the alter-ego discovery. *Entry and Order on Telephonic Pretrial Conference, August 21, 2014* [doc. 110], issued on August 22, 2014 ("*August 22 Order*"), ¶ 4.

Six days later, on August 28, 2014, Defendants filed with the assigned district judge an objection to producing the ordered alter-ego discovery. (*Defendants' Objection to Magistrate Judge's Orders on Plaintiffs' Alter Ego Discovery* [doc. 112] ("*Defendants' Objection*").) Their filing invokes Rule 72(a), which permits a party to serve and file objections to a magistrate judge's order deciding a pretrial matter not dispositive of a a party's claim or defense "within 14 days after being served with a copy." Fed. R. Civ. P. 72(a). In their objection, Defendants state that they "were ordered to produce documents in response to the alter ego discovery on August 22, 2014, and therefore, the 14-day deadline for the appeal of that discovery order to the district judge under Rule 72 has not passed." (*Defendants' Objection* at 5-6.) Thus, Defendants contend that they are objecting to the *August 22 Order* that set the deadline for production, not the *July 25 Order* that resolved the parties disputes about the alter-ego discovery and ordered production of the documents.

2

Five days later, on September 2, 2014, Plaintiffs filed the present motion for contempt against Defendants for their failure to comply with the order to produce the alter-ego discovery. Defendants respond that they did not produce the documents because they filed their objections with the district judge. Plaintiffs contend that the objections are untimely, counting from the *July 25 Order*, while Defendants contend that the objections are timely, counting from the *August 22 Order*. If Defendants are correct that their objections were timely filed, then they need not comply with the ordered production unless and until, and to the extent that, the district judge overrules their objections. If their objections were not timely filed, then their failure to comply could be deemed unexcused. See Fed. R. Civ. P. 72(a) ("A party may not assign as error a defect in the order not timely objected to.").

Regardless of this magistrate judge's view of which order triggered Rule 72(a)'s fourteen-day window for objections, the issue of the timeliness of Defendants' objections has been directly presented in the briefing on Defendants' objection. (*Defendants' Objection* at 5-6; *Plaintiffs' Response in Opposition to Defendants' Objections* [doc. 114] at 4-12.) As such, the issue will be determined by the district judge on Defendants' objections and not by this magistrate judge on the present motion. If Plaintiffs can and wish to pursue a finding of contempt against Defendants after the district judge's ruling, then they may so move at that time.

Therefore, Plaintiffs' *Verified Petition To Hold Defendants in Contempt* [doc. 113] is **DENIED**.

**DONE this date:** 10/17/2014

_____
Denise K. LaRue
United States Magistrate Judge
Southern District of Indiana

Distribution to all ECF-registered counsel of record *via* ECF-generated e-mail.