# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF INDIANA,
### INDIANAPOLIS DIVISION

| | |
|---|---|
| **PAIN CENTER OF SE INDIANA, LLC,** *et al.*,<br><br>    **Plaintiffs**,<br><br>    vs.<br><br>**ORIGIN HEALTHCARE SOLUTIONS, LLC,** *et al.*,<br><br>    **Defendants.** | **CAUSE NO. 1:13-cv-133-RLY-DKL** |

### ENTRY
*Plaintiffs' Motion for Sanctions* **[doc. 116]**

Plaintiffs move the Court to sanction Defendants for failure to comply with the Court's order to produce responsive documents and for their "obstructive and bad faith conduct." They want the Court to (1) award to Plaintiffs their attorney's fees and costs incurred as a result of Defendants' non-production and obstructive conduct, including the costs of litigating the present motion and Defendants' pending objections to the district judge and the costs of reconvening the Rule 30(b)(6) deposition of Defendants, and (2) warn Defendants that they risk a default judgment as a sanction for further obstruction and non-compliance. Plaintiffs contend that sanctions are justified under Fed. R. Civ. P. 37(b)(2)(A) and (d)(3), and the Court's inherent authority.

Defendants complain that Plaintiffs have purposefully attempted to obstruct the progress of this litigation, (*Motion for Sanctions* [doc. 117] ("*Brief*") at 5); engaged in delay

1

tactics, (*id.*); willfully and repeatedly failed to comply with discovery orders, (*id.* at 6); sandbagged both Plaintiffs and the Court, (*id.*); acted in bad faith, (*id.*); clearly engaged in vexatious litigation, (*id.*); intentionally decided to repeatedly ignore the Court's order to produce, (*Plaintiffs' Reply in Opposition to Defendants' Response* [doc. 126] ("*Reply*") at 1 and 4); willfully filed their objections late, (*id.* at 1); blatantly misrepresented to the Court that their objections were timely filed, (*id.* at 2); calculated to obstruct the discovery process, (*id.* at 4); blatantly disregarded the Court's order to produce, (*id.*); and completely ignored every Court-imposed deadline and order, (*id.* at 4 and 5). What Plaintiffs specifically complain about is Defendants' failure to comply with the Court's order to produce documents responsive to certain of Plaintiff's "alter ego" requests for production. *Entry and Order on Telephonic Status Conference, July 18, 2014* [doc. 107] ("*July 18 Order*"). It appears that Plaintiffs contend that Defendants have intentionally and in bad faith, with the purpose of obstructing discovery and the progress of this case, (1) repeatedly failed to meet response deadlines with regard to the alter-ego discovery; (2) filed their pending objection to the magistrate judge's production order, knowing it to be untimely, for the purpose of further delaying production; (3) reneged on their agreement to produce documents responsive to one of the requests (no. 95); and (4) ignored or stonewalled Plaintiffs' informal meet-and-confer attempts to resolve their disputes and facilitate production.

There is no indication in Plaintiffs' recitation of the facts that Defendants failed to meet response deadlines in bad faith or as part of a campaign of obstruction and delay.

2

Plaintiffs state that they served their requests in July 2013 and that Defendants sought and received three extension of time, ultimately giving them until October 4, 2013 to respond. But Plaintiffs state that they did not oppose the first two extensions — to September 5 and 20, 2013 — and, after conducting a telephonic conference with the parties, the Court granted the third extension to October 4, 2013. According to Plaintiffs, Defendants served their responses on October 7, 2013, which consisted of either statements that no responsive documents existed or objections to production. On November 27, 2013, Plaintiffs filed a motion to compel which this magistrate judge denied on January 28, 2014. On February 4, 2014, Plaintiffs filed objections to that ruling with the assigned district judge who sustained them on March 12, 2014 and remanded the matter to this magistrate judge. Plaintiffs state that, following the district judge's ruling, the parties engaged in a series of meet-and-confer communications and status conferences with the Court to resolve the alter-ego discovery issues, which ultimately resulted in the *July 18 Order* resolving the remaining disputes and ordering Defendants to produce responsive documents.

There is nothing in the three initial extensions of time, two of which were unopposed by Plaintiffs and all of which were granted by the Court, to suggest bad faith on the part of Defendants. Bad faith also is not shown in Defendants' ultimate objections to producing the alter-ego material because the Court upheld those objections when it denied Plaintiffs' motion to compel. Having conducted the frequent status conferences following the district judge's remanding of the matter and closely monitoring the

progress of the parties' discussions, this magistrate judge detected no bad faith by Defendants during the period of discussions concluding with the *July 18 Order*, and Plaintiffs have not shown any such misconduct.

Plaintiffs' argument that Defendants filed their pending objections to this magistrate judge's order to produce alter-ego documents, knowing them to be untimely and in furtherance of their campaign of obstruction, cannot be determined on the present motion. As explained in the Court's ruling on Plaintiffs' *Verified Petition To Hold Defendants in Contempt* [doc. 113], the timeliness of Defendants' objections has been raised and briefed as part of those objections and, thus, will be determined by the district judge. Thus, Plaintiffs' present motion for sanctions on that ground is premature.

Plaintiffs' argument that Defendants reneged on their agreement to produce documents in response to request no. 95 is also bound up with Defendant's pending objections because that request is part of the alter ego discovery at issue. Thus, this argument is premature as well.

Finally, Plaintiffs complain that for, one month after the *July 18 Order*, Defendants had "blatant disregard for discussing the progress of its production or redactions consistent with the Court's ruling" and that, when questioned by this magistrate judge during the August 22, 2014 status conference about the progress of production, Defendants' counsel stated that it might be helpful if a compliance deadline were set. (*Reply* at 5.) The Court then set that deadline to August 28, 2014. *Entry and Order on Telephonic Pretrial Conference, August 21, 2014* [doc. 110] ¶ 4. Plaintiffs argue that counsel's

statement shows that Defendants had no intention of complying with the *July 18 Order* to produce until a second order was issued. (*Reply* at 5.) While counsel's comment might indicate some dilatoriness, it does not clearly show a bad faith campaign of obstruction. Moreover, it is likely that, had the Court set a deadline for production in the *July 18 Order*, then Defendants' currently pending objections simply would have been filed earlier. At any rate, only a little over a month of delay is at issue, which does not support a finding of a blatant, intentional, bad-faith campaign of obstructionism warranting the sanctions that Plaintiffs seek.

Plaintiffs have not shown that Defendants have engaged in an intentional, bad-faith campaign of disregarding deadlines and orders and obstructing Plaintiffs' discovery. Arguments involving the discoverability of the alter-ego documents and the timeliness of Defendants' objections are pending before the district judge and, thus, premature in the present motion. Therefore, Plaintiffs have not shown that sanctions are warranted.

Two additional comments are in order. First, Plaintiffs argue that Defendants' obstructions prejudiced them, in part, by compelling them to proceed with the September 15, 2014 Rule 30(b)(6) deposition of Defendants unprepared. Therefore, one of the sanctions they request is an award of the fees and costs of redeposing Defendants' representatives. However, Plaintiffs complain that Defendants failed to produce the alter-ego documents, yet Topic 7 in Plaintiffs' notice of deposition, which Plaintiffs have characterized as the alter-ego topic, was specifically excluded from the September 15,

2014 Rule 30(b)(6) deposition by the parties' agreement and Defendants agreed to make a representative available for a subsequent Rule 30(b)(6) deposition limited to Topic 7 (now dependent on the district judge's ruling on their pending objections). Thus, Plaintiffs' preparation for the Rule 30(b)(6) deposition could not have been prejudiced by lack of the alter ego documents, at least to the extent of their relevance to that issue.

Second, Plaintiffs contend that sanctions are available under Rule 37(b)(2)(A) and (d)(3). Subsection (d) addresses a parties' failure to attend its own deposition, serve answers to interrogatories, or respond to a request for inspection. It does not apply to a party's failure to produce documents in response to a Rule 34 request for production. Subsection (b) addresses a party's failure to comply with a court order. Here, Defendants filed objections to this magistrate judge's order to produce certain alter-ego documents and the district judge will determine whether those objections were timely filed and whether they have merit. If the determination is that they were timely, but the objections are overruled, then sanctions will not be available under subsection (b) because Defendants' objections suspended the order to produce.

For the reasons explained above, *Plaintiffs' Motion for Sanctions* [doc. 116] is **DENIED**. Depending on the nature of the Court's ruling on Defendants' pending *Objections to Magistrate Judge's Orders on Plaintiffs' Alter Ego Discovery* [doc. 112], Plaintiffs later may move to recover their reasonable expenses under Rule 37(a)(5)(A) and/or (b)(2).

**DONE this date: 10/17/2014**

_____
Denise K. LaRue
United States Magistrate Judge
Southern District of Indiana

Distribution to all ECF-registered counsel of record *via* ECF-generated e-mail.