**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF INDIANA,**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| **PAIN CENTER OF SE INDIANA, LLC,** *et al.*, <br><br> **Plaintiffs,** <br><br> *vs.* <br><br> **ORIGIN HEALTHCARE SOLUTIONS, LLC,** *et al.*, <br><br> **Defendants.** | **CAUSE NO. 1:13-cv-133-RLY-DKL** |

**ENTRY AND ORDER**

*Plaintiffs' Motion [to] Modify, Quash, and in the Alternative for Protective Order etc.* **[doc. 138]**

Plaintiffs move to stay all of Defendants' outstanding discovery until after the Court rules on the two pending objections to this magistrate judge's rulings; stay Defendants' noticed and subpoenaed depositions until they can be rescheduled; and prohibit two of Defendants' depositions entirely.

Defendants' discovery requests that are at issue are:

**1. Notices of Rule 30(b)(6) depositions of the two plaintiff entities**, Pain Center of SE Indiana, L.L.C., and The Pain Medicine and Rehabilitation Center, P.C. Defendants served original and amended notices for these depositions. [Docs. 141-6 and 141-11, pp. 2-13]. Anthony Alexander, M.D., the third plaintiff, was designated as the entities' representatives for both Rule 30(b)(6) depositions, which were to occur during one day of examination. *Entry and Order on Telephonic Pretrial Conference, August 21, 2014* [doc. 110] ("*August 21, 2014 Entry*") ¶ 5. Resolving the parties' scheduling difficulties, the Court ordered the depositions to occur on October 16, 2014, to be followed the next day by Dr. Alexander's fact deposition (see next paragraph), and both to occur in Columbus Indiana, the

1

location of Plaintiffs' local counsel.[1]  *Id.*; *Entry and Order on Telephonic Pretrial Conference, August 25, 2014* [doc. 115] ("*August 25, 2014 Entry*") ¶ 3.  The principal place of business of plaintiff The Pain Medicine and Rehabilitation Center, P.C., is in Seymour, Indiana, *First Amended Complaint* [doc. 16] ¶ 2, which is about 20 miles from Columbus, Indiana,[2] and Dr. Alexander apparently resides in New Albany, Indiana, *Plaintiffs' First Amended Complaint* [doc. 16] ¶ 1, which is about 74 miles from Columbus, Indiana..

**2. Notice of the fact deposition of plaintiff Dr. Alexander.**  Defendants served original and amended notices of Dr. Alexander's fact deposition, [docs. 141-6, p. 21, and 141-11, p. 14], and, as noted above, the Court ordered his deposition to occur on October 17, 2014 in Columbus, Indiana, *August 25, 2014 Entry* ¶ 3, following the Rule 30(b)(6) deposition of the plaintiff entities.

**3. Subpoenas for fact depositions of current employees of Plaintiffs.**  On September 19, 2014, Defendants served testimonial subpoenas on Joyce DiBlasi, Jeffrey W. Leis, and Wendy Moore, [doc. 141-18, pp. 1, 7, and 9], all current employees of Plaintiffs.  All of these depositions were set to occur in Louisville, Kentucky, about 55 miles from Seymour, Indiana, the principal place of business of plaintiff The Pain Medicine and Rehabilitation Center, P.C., and about 6 miles from Dr. Alexander's residence in New Albany.  Ms. DiBlasi's deposition was set for October 20, 2014; Mr. Leis's for October 27, 2014; and Ms. Moore's for October 28, 2014.[3]

**4. Subpoenas for fact depositions of former employees of Plaintiffs.**  On October 1 and 2, 2014, Defendants served testimonial subpoenas on Rhonda Mellencamp and Henrietta Marie Harmon, respectively.  The subpoenas set both depositions for October 30, 2014, in Seymour, Indiana, commencing at 8:00 a.m.

---

[1] The Court notes that, although Plaintiffs' lead counsel has been referring to and listing Patrick W. Harrison, of Columbus, Indiana, as his local counsel, Mr. Harrison has not entered an appearance in this case.

[2] The *First Amended Complaint* alleges that the other plaintiff entity, Pain Center of SE Indiana, L.L.C., "was" an Indiana limited liability company and alleges no current principal place of business for it, *First Amended Complaint* ¶ 1, suggesting that the entity no longer exists or, at least, is no longer conducting business.

[3] Defendants also had subpoenaed the fact depositions of Plaintiffs' current employees Christina Sunderman and Cathy J. Heath to occur on October 21 and 22, 2014, respectively, in Indianapolis, Indiana, [doc. 141-19, pp. 3 and 5], but withdrew those subpoenas on Plaintiffs' counsel's representation that neither utilized Defendants' software at issue for billing purposes but they reserved the option to revisit these depositions after the other depositions are taken, *Defendants' Opposition to Plaintiffs' Motion for Protective Order* [doc. 141] at 7.

(Harmon) and 12:00 noon (Mellencamp).  [Doc. 141-19.]  On October 13, 2014, Defendants served testimonial subpoenas on Demetria Y. Pierce Hilton, Joy Cain, and Lelehna Elder for depositions to occur on November 8, 2014, in Louisville, Kentucky, at 8:00 a.m. (Hilton), 1:00 p.m. (Cain), and 3:00 p.m. (Elder).  [Doc. 141-20.]

**5.  Notice for fact deposition of former employee of Defendants.**  On October 13, 2014, Defendants served notice for a testimonial deposition of Joy Deckard to occur on November 5, 2014, in Indianapolis, Indiana, at 10:00 a.m.[4]

**6.  Defendants' second set of requests for production of documents.**  Defendants served on Plaintiffs a second set of requests for production consisting of 14 requests.  [Doc. 141-5.]  Plaintiffs have not answered or responded to the requests.  (*Defendants' Opposition to Plaintiffs' Motion for Protective Order* [doc. 141] ("*Response*") at 3.)

Plaintiffs ask the Court to implement their requested stay by quashing or modifying the subpoenas under Rule 45(d)(3)(A)(i) through (iv) of the *Federal Rules of Civil Procedure*, ordering a stay as a sanction against Defendants' misconduct under Rule 37(b)(2)(A) and (d)(3), and/or by issuing a protective order under Rule 26(c)(1).

Rule 37(b)(2)(A) authorizes a court, in its discretion, to "issue further just orders" if a party or a party's officer, director, managing agent, or Rule 30(b)(6) designated representative "fails to obey an order to provide or permit discovery . . . ."  Paragraph (d)(3) authorizes a court to order sanctions and/or payment of expenses if a party fails to appear for the party's deposition or fails to serve answers, objections, or a written response to properly served interrogatories or a request for inspection.  Plaintiffs only cited these provisions of Rule 37 as a basis for their requested relief in the introductions

---

[4] The Court was informed of the details of the scheduling of Ms. Deckard's deposition *via* a positional statement by Defendants that was submitted to chambers in preparation for the October 20, 2014 telephonic pretrial conference.

of their motion and supporting brief, (*Plaintiffs' Motion [to] Modify, Quash, and in the Alternative for Protective Order etc.* [doc. 138] ("*Motion*") at 1; *Memorandum of Law in Support of Motion for Protective Order* [doc. 139] ("*Plaintiffs' Brief*") at 1); they provided no argument explaining the law or applying the elements of these provisions to the facts and circumstances of the present matter. The Court will not make the argument for them and, thus, Plaintiffs have forfeited any relief available under Rule 37.

Nonetheless, the Court notes that Plaintiffs' brief suggests that their complaints of misconduct refer to Defendants' failure to obey the Court's order to produce alter-ego documents and, perhaps, failure to produce Rule 30(b)(6) representatives for more than one day of depositions. If so, then these were the same grounds for Plaintiffs' previous petition to hold Defendants in contempt, [doc. 113], and motion for sanctions, [doc. 116], both of which were denied as premature, as they relate to the present motion. Plaintiffs' objection to this magistrate judge's limit of their Rule 30(b)(6) deposition of Defendants to one day and Defendants' appeal of this magistrate judge's order to produce alter-ego documents are both pending before the district judge. Any motion that Defendants be sanctioned for not producing the ordered alter-ego documents is premature and a motion that Defendants be sanctioned for not producing their Rule 30(b)(6) representatives for more than one day is unreasonable because it was the Court that ordered the deposition to be so limited.

Rule 45(d)(3)(A) requires the court for the district where compliance with a subpoena is required to quash or modify the subpoena if, as is relevant to the present

4

motion, the subpoena fails to allow a reasonable time to comply, (A)(i); requires disclosure of privileged or other protected matter, (A)(iii); or (3) subjects a person to undue burden, (A)(iv).  Thus, the cited provision of Rule 45 is applicable only for the depositions that were subpoenaed to occur in Seymour, Indiana (Harmon and Mellencamp) and, as noted below, those depositions already have been ordered to be rescheduled.  Rule 45 does not provide relief for the depositions that were subpoenaed to occur in Louisville, Kentucky (DiBlasi, Leis, Moore, Hilton, Cain, and Elder) or the depositions that were noticed, not subpoenaed (Alexander, Plaintiffs' Rule 30(b)(6), and Deckard).  Plaintiffs have not reported that they filed a motion to quash or modify the Louisville subpoenas in the United States District Court for the Western District of Kentucky and that court has not transferred any such motion to this Court under Rule 45(f).

Rule 26(c)(1) allows a party or any person from whom discovery is sought to move for a protective order in the district where the action is pending or, as an alternative regarding a deposition to be taken in another district, in that other district.  "The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ."  Fed. R. Civ. P. 26(c).  As it relates to the relief that Plaintiffs seek, the Rule states that the sanctions may include forbidding the disclosure or discovery; specifying terms, including time and place, for the disclosure or discovery; and requiring that confidential information not be revealed or be revealed in a specified way.  Fed. R. Civ. P. 26(c)(1)(A), (B), and (G).  Rule 26(c)(1)

appears to provide relief that Plaintiffs seek regarding all of Defendants' outstanding discovery.

## Discussion

**Stay pending the Court's ruling on the two objections.** The primary relief that Plaintiffs seek is a stay of all of Defendants' outstanding discovery until the Court rules on the two objections pending before the district judge: Plaintiffs' objections to this magistrate judge's order limiting Plaintiffs' Rule 30(b)(6) deposition of Defendants to one day, [doc. 125], and Defendants' objections to this magistrate judge's order to Defendants to produce alter-ego documents in response to Plaintiffs' requests for production, [doc. 112].

Plaintiffs argument in support of the the stay appears to be four-fold. **First**, the matters that are the subjects of the pending objections are relevant or critical to Plaintiffs' response to Defendants' outstanding discovery. (*Plaintiffs' Brief* at 4; *Reply to Motion for Protective Order* [doc. 142] ("*Reply*") at 2.) **Second**, it is unfair to allow Defendants to proceed with their discovery while Plaintiffs are "handcuffed" in pursuing their discovery because they must await rulings on the pending objections. In effect, this procedural circumstance grants Defendants a stay of Plaintiffs' discovery while denying Plaintiffs a stay of Defendants' discovery. (*Plaintiffs' Brief* at 4.) **Third**, allowing Defendants' discovery to proceed will allow them later to conform their witnesses' testimonies to Plaintiffs' witnesses' testimonies and Plaintiffs' document productions. (*Plaintiffs' Brief* at 4.) **Fourth**, Defendants' outstanding discovery requests should be

6

stayed as a sanction for their obstructive discovery conduct, including obstructing Plaintiffs' Rule 30(b)(6) deposition of Defendants; delaying production of alter-ego documents; unilaterally, blindly, and indiscriminately serving their deposition subpoenas and, thereby, putting Plaintiffs "under siege" and preventing Plaintiffs' counsel's ability to prepare for Defendants' Rule 30(b)(6) depositions of Plaintiffs and fact deposition of Dr. Alexander; filing frivolous objections to the order to produce alter-ego documents; and failing to produce documents necessary for Plaintiffs to pursue their own discovery . (*Plaintiffs' Brief* at 2 and 3; *Reply* at 2, 3, 6, and 9.)

Plaintiffs' arguments are unconvincing. First, while Plaintiffs repeatedly assert that the resumption of their Rule 30(b)(6) deposition of Defendants and the receipt of Defendants' alter-ego documents are relevant and critical to their responses to Defendants' requests for production and Plaintiffs' preparation for Defendants' depositions, Plaintiffs fail to show, explain, or even suggest the relevance of and it is not evident. Defendants have noticed and subpoenaed fact testimony from Dr. Alexander, former and current employees of Plaintiffs, and one of their own former employees. They have also noticed the Rule 30(b)(6) depositions of the plaintiff entities. They seek information possessed by these individuals and entities. There is no apparent reason why possession of Defendants' alter-ego documents or the responses to any resumed Rule 30(b)(6) examination of Defendants will affect the personal knowledge of the individuals to be deposed or the institutional knowledge of the plaintiff entities.

7

Plaintiffs' conclusory assertions do not make the case and the Court will not "fill in the blanks" for them.

Plaintiffs cite one decision in support of a stay: *Umarex USA, Inc. v. German Sport Guns, GmbH*, Cause no. 1:13-mc-100-SEB-TAB, *Order on Motion To Quash and for Protective Order*, doc. 11 (S.D. Ind., Oct. 28, 2014). In that matter on the Court's miscellaneous docket, the plaintiff filed a motion to quash a non-party subpoena which sought testimony and documents that the plaintiff argued was privileged. The plaintiff also sought a protective order relieving it of the duty to comply with the subpoena. The defendant wanted to use the subpoenaed information in another civil case pending in this Court in which it is the defendant and to which the plaintiff recipient of the subpoena was not a party. However, the privileged status of the information sought in the subpoena already had been the subject of rulings made by the magistrate judge in the civil case and those rulings were then pending before the district judge on the civil-case parties' objections. Because the privilege issues raised in the miscellaneous case were the same that were then pending before the district judge on objections, the magistrate judge denied the motion to quash and granted the motion for a protective order, relieving the non-party from complying with the subpoena pending the district judges' ruling on the objections. Therefore, as Defendants point out in their *Response*, the *Umarex* decision is inapposite to the present matter because, here, the issues presented in the two objections before the district judge — the discoverability of Defendants' alter-ego documents and

additional time for the Rule 30(b)(6) deposition of Defendants — are not identical to the issue of whether Defendants' discovery may proceed.

Plaintiffs argue in their *Reply* that they cited the *Umarex* decision only for the principle that, when related motions are pending, courts will often decide the first-filed motion first, if its determination has the potential to impact the later-filed motion, which, they contend, is the case here. *Reply* at 7-8. However, as noted above, Plaintiffs only baldly assert that decisions on the pending objections are relevant or critical to their responses to Defendants' discovery. They make no showing or argument that their responses to Defendants' requests for production or the deponents' testimonies depend on Plaintiffs' review of Defendants' alter-ego documents or additional Rule 30(b)(6) examinations of Defendants and, as already noted, any relevance of the material is not apparent. Therefore, the Court finds that Plaintiffs have not shown that their responses to Defendants' outstanding discovery are related to or depend upon the material at issue in the two objections currently pending before the district judge.

Second, Plaintiffs' assertion that it is unfair to compel Plaintiffs to proceed with their discovery obligations when Defendants have, in effect, obtained a stay of their own obligations by means of the pending objections is unconvincing. Plaintiffs have not shown or explained the unfairness of this circumstance. They have not shown any prejudice that has been or will likely be a consequence. The Court previously has explained to the parties that discovery in this case will not be conducted on a basis of reciprocity, parallelism, or any kind of "tit-for-tat" protocol. Absent a showing of specific

9

dependence of specific discovery, each discovery dispute and motion will be addressed on its own merits, without regard to the number of pages produced by each party, the number of days each party delayed in providing responses, the relative numbers of objections or privileges each party has asserted, *et cetera*. Unless a party can demonstrate that its responses are contingent on another's responses and obtains a ruling from the Court (or an agreement with opposing counsel) to that effect, each party must independently fulfill its discovery obligations. While the Court has encouraged the parties to work out their differences between themselves, it has also encouraged them to promptly bring before it any unresolved disputes. The Court is not inclined to delve into months- or years-old disputes or resentments that are dredged up in support of arguments on current discovery disputes.[5]

Third, Plaintiffs' argument that allowing Defendants' discovery to proceed will enable Defendants later to conform their witnesses' testimonies to Plaintiffs' witnesses' testimonies and Plaintiffs' document productions is unconvincing. Because one party must "go first" as it were, the likelihood of improper alteration of testimony cuts both ways. Plaintiffs have shown no reason to generally suspect that Defendants' Rule 30(b)(6) representatives will alter or color their testimony based on Plaintiffs' document production or the witnesses' testimonies. Plaintiffs have identified no specific Rule

---

[5] While a record of discovery abuse or dilatoriness can support the imposition of sanctions, it will rarely provide the basis for determining an objection to a specific discovery request.

30(b)(6) topics that are particularly susceptible to alteration depending on responses to specific discovery.

Finally, Plaintiffs' argument that Defendants' outstanding discovery requests should be stayed as a sanction for their alleged discovery obstructions is unreasonable. A sanction that stays Defendants' current discovery until the district judge rules on the pending objections does not bear any rational relationship to Defendants' alleged prior obstructive conduct. Again, unless a necessary relationship is shown to exist between Defendants' outstanding discovery and the discovery matters awaiting determination by the district judge, the Court prefers to address the discovery issues independently.

For these reasons, Plaintiffs' request for a stay of Defendants' outstanding discovery until the parties' pending objections are ruled upon is denied.

**Substantive objections.** Plaintiffs allude to objections they have to some of the topics for Defendants' Rule 30(b)(6) deposition of the plaintiff entities, (*Reply* at 5), and to "scope issues" with the depositions of its former employees Joy Cain and Lelehna Elder, (*Plaintiffs' Brief* at 5; *Reply* at 7). There are apparently two "scope issues": Plaintiffs assert that Ms. Cain and Ms. Elder "are irrelevant to this litigation" and "their testimony would presumably involve Plaintiffs' protected interest." (*Reply* at 7.) Plaintiffs' argument stops with these statements. Because none of these objections was even minimally developed, they are forfeited and provide no basis for relief. Without a convincing showing, neither the Court nor Defendants are required to credit Plaintiffs' bare assertion that Ms. Cain and Ms. Elder do not possess relevant information or that their testimony will be

11

privileged or otherwise protectible.  Without an identification in the present motion of the Rule 30(b)(6) topics to which Plaintiffs object or a factually and legally developed argument in support of those objections, there is no basis for quashing or modifying the depositions of the plaintiff entities.

**Procedural and logistical objections.**  Plaintiffs also complain that Defendants did not make a good-faith effort to schedule their depositions in a manner to avoid scheduling conflicts or with at least 14 days notices, as required by S.D. Ind. L. R. 30-1(d), and that the schedule that Defendants noticed creates an undue hardship on Plaintiffs' lead counsel whose office is in Texas.  He asks that Defendants be ordered to group the depositions as much as possible on consecutive days in order to minimize the number of trips he must make to this district.

The Court has already vacated Defendants' depositions noticed for October 16 (Rule 30(b)(6) of plaintiff entities), 17 (Dr. Alexander), 20 (DiBlasi), 27 (Leis), 28 (Moore), and 30 (Harmon and Mellencamp).  *Entry from Telephonic Status Conference, October 15, 2014* [doc. 135]; *Entry and Order on Telephonic Pretrial Conference, October 20, 2014* [doc. 137].  Only the depositions set for November 5, 2014 (Deckard, Defendants' former employee) in Indianapolis, Indiana and November 8, 2014 (Hilton, Cain, and Elder, former employees of Plaintiffs) in Louisville, Kentucky remain scheduled.  As noted, all of these subpoenas were served on October 13, 2014 and, thus, were served with the minimum 14-days notice required by S.D. Ind. L.R. 30-1(d).

The November 5 and 8, 2014 depositions will go forward as scheduled. The Court finds that these two days of depositions, as originally noticed, do not present an undue burden or expense. Plaintiffs brought this suit in this district, where they are domiciled. They should have anticipated that their own depositions and those of current and former employees would occur and would likely take place in this district, or in close proximity. Yet, Plaintiffs chose out-of-state counsel located in Texas. Thus, the expense, time, and disruptions of travel by lead counsel from Texas should have been anticipated as well. The November 8th depositions are of Plaintiffs' former employees, will occur just across the border of this district, and Defendants report that they have confirmed the deponents' availabilities. The November 5th deposition is of Defendants' former employee but will take place in this district, and Defendants have confirmed Ms. Deckard's availability. Plaintiffs' counsel will be defending all depositions. Both deposition locations are major metropolitan centers that are more than adequately served by airports, lodging facilities, and transportation options. Moreover, Plaintiffs have neither asserted nor shown specific scheduling conflicts with their counsel.

The parties will reschedule the other depositions according to the following protocol:

**1.** All depositions subpoenaed and noticed by Defendants shall be completed no later than Wednesday, December 31, 2014.

**2.** Defendants shall attempt to schedule each remaining group of depositions — former employees (Mellencamp and Harmon), current employees (Moore, DiBlasi, and

Leis), and Plaintiffs (Rule 30(b)(6) and Dr. Alexander) — to occur as close together as practicable.

**3.** The Rule 30(b)(6) and individual depositions of Plaintiffs need not be scheduled on consecutive dates if that is more convenient for Plaintiffs' counsel's preparation. The parties may consider scheduling these depositions to occur with another deposition group in order to allow for intervening examinations.

**4.** Because Plaintiffs did not support any objections to the topics of the depositions in the present motion, any and all objections are forfeited and overruled. In their discretion, Defendants may entertain discussions with Plaintiffs on certain topics and may agree to forgo or modify topics as a result. However, discussions on the topics of the depositions shall not interfere with or delay the required discussions on the prompt scheduling of the depositions.

**5.** No later than 4:00 p.m., Indianapolis time, on Tuesday, November 4, 2014, Defendants shall e-mail a proposed deposition schedule to Plaintiffs, copied to this magistrate judge's chambers email address, MJLaRue@insd.uscourts.gov.

**6.** No later than 4:00 p.m., Indianapolis time, on Thursday, November 6, 2014, Plaintiffs shall e-mail a response to Defendants' proposed schedule, copied to this magistrate judge.

**7.** At 12:00 noon on Friday, November 7, 2014, Defendants shall telephone Plaintiffs' counsel to initiate good-faith discussions to resolve any remaining scheduling

14

differences.  Plaintiffs' counsel shall be available and participate in the call.  The scheduling of all unscheduled depositions shall be fully addressed.  At the conclusion of the call, each party shall separately memorialize the resolutions achieved and the substance of the discussions on any unscheduled depositions.  The memorials shall be e-mailed to opposing counsel and to this magistrate judge.

**8.**  Thereafter, the parties shall conduct daily discussions until all depositions are scheduled.  The discussions shall occur by telephone or e-mail.  All e-mails shall be copied to this magistrate judge.  The substance of each day's telephone discussions shall be memorialized and e-mailed within a day to opposing counsel with copy to this magistrate judge.

**9.**  Once an agreement is reached on the scheduling of any deposition, Defendants shall promptly (no later than 24 hours) file a joint stipulation to the deposition setting with proposed order attached ordering the agreed deposition(s) to occur as stipulated.  The Court shall order each deposition as agreement is reached.

**10.**  No later than 12:00 noon, Indianapolis time, on November 14, 2014, **(a)** the scheduling of all depositions should be accomplished; **(b)** a final stipulation and proposed order containing the last deposition schedule shall be filed; **(c)** a joint notice identifying any unresolved scheduling disputes shall be e-mailed to this magistrate judge's chambers.

**11.** No later than 1:00 p.m., Indianapolis time, on November 14, 2014, each party shall submit, by e-mail to this magistrate judge's chambers and copied to opposing counsel, a brief outline of its position on any remaining scheduling disputes.

**12.** This Cause is scheduled for a telephonic status conference on Friday, November 14, 2014 at 3:00 p.m., Indianapolis time, to address any unresolved scheduling disputes. Counsel shall receive call-in information by separate e-mail.

**13.** No deposition that has been scheduled shall be modified or cancelled absent an order of Court or agreement of all parties. Counsel are specifically instructed that no objection, proposal, request, inquiry, or communication of any kind or content by a party or counsel to an opposing party or counsel, and no court filing or informal communication to the Court will have the effect of cancelling, postponing, modifying, staying, or altering in any manner a scheduled deposition or justify counsel's or a witness's failure to appear for and proceed with a scheduled deposition, absent agreement of all parties or an order of the Court. An agreement to cancel or modify, in any manner, a scheduled deposition shall be promptly reported *via* e-mail to this magistrate judge.

**Defendants' requests for production.** Plaintiffs shall respond to Defendants' second set of requests for production no later than 12:00 noon on Monday, November 17, 2014.

Plaintiffs' Motion [to] Modify, Quash, and in the Alternative for Protective Order etc. [doc. 138] is GRANTED IN PART AND DENIED IN PART.

## NOTICE
## THIS ORDER IS NOT STAYED

In light of the case-management deadlines and trial setting in this case, the orders herein are not stayed during the time provided for filing objections thereto with the district judge.  Neither the filing of objections to this Entry and Order for the district judge nor the filing of a motion to reconsider for this magistrate judge nor the filing of a motion to stay will stay the orders herein.  The filing of a motion to stay or for reconsideration will not stay the commencement, or extend the expiration, of the time period for filing objections to the orders herein with the district judge.  Only an order of the Court, on a specific and separate motion for a stay, not combined with objections or any other filing, will stay any order herein.  This magistrate judge will entertain a request to schedule a telephonic status conference to address any requested modifications to the orders herein.  Neither the request for, nor the scheduling of, a telephonic status conference will effect a stay of the orders herein.

SO ORDERED this date: 10/31/2014

*[signature: Denise LaRue]*

Denise K. LaRue
United States Magistrate Judge
Southern District of Indiana

Distribution to all ECF-registered counsel of record *via* ECF-generated e-mail.