UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| PAIN CENTER OF SE INDIANA, LLC, ) <br> INDIANA PAIN MEDICINE AND ) <br> REHABILITATION CENTER, P.C., and ) <br> ANTHONY ALEXANDER, M.D., ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> ORIGIN HEALTHCARE SOLUTIONS, ) <br> LLC; ) <br> SSIMED (d/b/a SSIMED Holding, LLC); ) <br> ORIGIN HOLDINGS, INC., a Delaware ) <br> Corporation; JOHN DOES (1–50) ) <br> inclusive; and JOHN DOES (1–100) ) <br> inclusive, ) <br> ) <br> Defendants. ) | 1:13-cv-00133-RLY-DKL |

**ENTRY ON DEFENDANTS' OBJECTIONS TO MAGISTRATE JUDGE
LARUE'S JULY 25, 2014 ENTRY**

Defendants, SSIMED, LLC, Origin Healthcare Solutions, LLC, and Origin Holdings, Inc., object to the Magistrate Judge's July 25, 2014 Entry ordering Defendants to answer certain requests numbered 84 through 100 of Plaintiffs' First Set of Production of Documents. For the reasons set forth below, the court **OVERRULES** Defendants' objections and **AFFIRMS** the Magistrate Judge's ruling.

**I.   Background**

In the First Amended Complaint ("Complaint"), Plaintiffs have asserted 13 causes of action against Defendants that arise out of the performance of contracts between

1

Plaintiffs and Defendant SSIMED, LLC. SSIMED has as its sole member Origin Healthcare Solutions, LLC, which has as its sole member Origin Holdings, Inc. (Filing No. 24 at 3). Plaintiffs contracted to purchase billing and clinical data software packages from SSIMED. (Complaint ¶¶ 36, 52). Origin Healthcare Solutions later assumed the contracts as successor-in-interest to SSIMED. (*Id.* ¶ 4). According to Plaintiffs, the defective software and deficient support services caused Plaintiffs to incur significant losses. (*See generally, id.*).

This protracted discovery dispute concerns Plaintiffs' Requests for Production of Documents Numbered 84 through 100, which the parties describe as the "alter ego discovery." In March 2014, the court sustained Plaintiffs' objections to the Magistrate Judge's January 28, 2014 Entry denying Plaintiffs' Motion to Compel Alter Ego Discovery. (Filing No. 74). The court remanded the matter for the Magistrate Judge to first determine whether the requests were overly broad and not stated with reasonable particularity. (*Id.*). If the Magistrate Judge deemed them permissible under Federal Rule of Civil Procedure 26, the court instructed her to then consider whether the burden of production on Defendants outweighs Plaintiffs' interests in the discovery sought at this stage in the proceedings. (*Id.*).

In her July 25 Order, the Magistrate Judge ruled on the alter ego discovery requests, ordering Defendants to produce the following:

(1) all records that describe the nature of the ownership interests of each Defendant for the period 2003 through 2012, including documents reflecting how the interests were acquired (Request No. 84);

2

(2) all documents showing, for the period of 2003 to 2012, any Defendant providing assistance, guidance, advice, or input of any nature to another defendant relating to the three areas of (1) marketing, (2) finance, and (3) operation and functionality of the SSIMED Practice Manager Suite and SSIMED EMRge software, and the client center (Request Nos. 86 and 100);

(3) documents showing the existence and terms of the outside line of credit that all Defendants shared during the period of 2003 to 2012 (Request Nos. 87 and 92);

(4) documents showing the facts that Defendants' employees share in any common savings, ESOP, pension, deferred-compensation, or other health, welfare, or benefit plan for the period of 2003 to 2012 (Request No. 93);

(5) documents showing Defendants' directors for the period of 2003 through 2012 (Request No. 95);

(6) the minutes of Defendants' boards of directors and executive committees for the period of 2003 to 2012 (Request No. 99).

(Filing No. 107 at 2–5).

The Magistrate Judge also put forth two approaches, or "options," to her July 25 rulings. (*Id.* at 1–2). Under "Option A," the parties would enter into two stipulations, and Plaintiffs would limit the alter ego discovery requests and the scope of the Rule 30(b)(6) deposition on the same matters to the period from 2003, when the parties entered into the first contract, to 2005, when SSIMED became a wholly owned subsidiary of Origin Healthcare Solutions. (*Id.* at 1–2; Filing No. 112 at 8–9). The parties would stipulate that: (1) from the date when SSIMED had as its sole member Origin Healthcare Solutions, the actions, contracts, and representations made by SSIMED, Origin Healthcare Solutions, or Origin Holdings with respect to the software packages sold to Plaintiffs were authorized by each entity; and (2) in the event Plaintiffs establish liability

3

against any of the three entities, each entity agrees to be jointly and severally liable for the judgment. (*Id.*).

If the parties failed to agree to the stipulations, then "Option B" applied, whereby the Magistrate Judge's rulings applied for the period from 2003 through 2012. (*Id.* at 2–5). In other words, Option A would have limited the applicable time period for which Defendants would produce the requested discovery in accordance with the Magistrate Judge's rulings. The Order gave the parties until July 28, 2014, to file the foregoing stipulations with the court should they agree to Option A. (*Id.* at 2). Because the parties did not file stipulations pursuant to Option A, Option B applied as a default.

On August 28, 2014, Defendants filed the following objections to the July 25 Order: (1) the alter ego discovery requests are not stated with reasonable particularity and are thus overly broad; and (2) the Defendants' offer to stipulate to joint and several liability would negate Plaintiffs' interest in alter ego discovery, rendering it outweighed by the burden on Defendants to answer the requests. (Filing No. 112 at 1).

The court notes that Defendants submitted with their objections the Declaration of Brian Vandenberg, General Counsel of Defendant Origin Healthcare Solutions, LLC, asserting for the first time that Defendants Origin Healthcare Solutions, LLC and Origin Holdings, Inc. did not exist prior to the 2005 acquisition of SSIMED. (Filing No. 112-1). This dispute began at least as early as November 2013 when Plaintiffs filed their first Motion to Compel (Filing No. 52). Thus, Defendants' assertion of such facts now in an objection to the Magistrate Judge's ruling is simply too late. For the purposes of this entry, the court therefore disregards the new evidence. If, in fact, Defendants Origin

4

Healthcare Solutions, LLC and Origin Holdings, Inc. did not exist prior to the 2005 acquisition of SSIMED, then Defendants should have little to produce with respect to alter ego discovery prior to 2005.

## II. Standard of Review

Pursuant to Rule 72(a) of the Federal Rules of Civil Procedure, a district court may modify or set aside any part of a non-dispositive order that is clearly erroneous or contrary to law. Clear error means that the district court may overturn a magistrate judge's ruling only if the court is left with the definite and firm conviction that the magistrate judge made a mistake. *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 943 (7th Cir. 1997). An order is contrary to law when it "'fails to apply or misapplies relevant statutes, case law, or rules of procedure.'" *Henry v. Centeno*, No. 10 C 6364, 2011 WL 3796749, at *1 (N.D. Ill. Aug. 23, 2011) (quoting *Tompkins v. R.J. Reynolds Tobacco Co.*, 92 F. Supp. 2d 70, 74 (N.D.N.Y. 2000)).

## III. Discussion

As a preliminary matter, the court agrees with Plaintiffs in that Defendants filed their objections well past the 14-day deadline under Rule 72(a). A district judge must consider a party's *timely* objections to a magistrate judge's order. Fed. R. Civ. P. 72(a) (emphasis added). However, when a deadline is non-jurisdictional, such as a deadline for objecting to a magistrate judge's recommendation, a district court need not "impose the fell sanction of dismissal for missing it" so long as the late filing is not egregious and does not prejudice the other party. *Hunger v. Leininger*, 15 F.3d 664, 668 (7th Cir. 1994). That the July 25 Order did not contain a deadline for production does not, as

5

Defendants suggest, render Rule 72(a) inapplicable. (*See* Filing No. 112 at 5). The Magistrate Judge ruled on the substantive scope of each outstanding discovery request, leaving only the applicable time period subject to production for the parties to resolve by choosing either Option A or Option B. Thus, the latest date on which the order took effect is July 28, 2014, the deadline for electing Option A. Defendants filed their objections more than four weeks later on August 28, 2014. Therefore, the issue is whether the late filing prejudiced Plaintiffs. However, because the court overrules Defendants' objections on other grounds, it need not consider this issue. The court now turns to Defendants' objections.

District courts enjoy broad discretion in controlling discovery. *Semien v. Life Ins. Co. of N. Am.*, 436 F.3d 805, 813 (7th Cir. 2006). The court may limit the frequency or extent of discovery if it determines that "the burden or expense of the proposed discovery outweighs its likely benefit" in light of the needs of the case. Fed. R. Civ. P. 26(b)(2)(C)(iii). A court may also limit the scope of discovery or control its sequence for the convenience of parties and witnesses and in the interests of justice. Fed. R. Civ. P. 26(d).

The court has noted that because no hard and fast rule exists to govern discovery in cases involving an alter ego theory of liability, the Magistrate Judge must determine the propriety of allowing discovery on the alter ego issue as part of the underlying case. (Filing No. 74 at 7); *compare Harnish v. Liberty Farm Equine Reproduction Ctr., LLC*, No. 3:10-cv-511-PPS, 2013 WL 3233243 (N.D. Ind. June 25, 2013) (analyzing corporate veil piercing on summary judgment), *and IGF Ins. Co. v. Continental Casualty Co.*, No.

6

1:01-cv-799-RLY-KPF, 2007 WL 1068456 (S.D. Ind. Mar. 31, 2007) (analyzing veil piercing on cross motions for summary judgment), *with Mandeville v. Quinstar Corp.*, 109 F. App'x 191, 194 (10th Cir. 2004) (holding that the district court did not abuse its discretion in bifurcating contract and ERISA claims from alter ego issues), *and MidAmerican Dist., Inc. v. Clarification Tech., Inc.*, 807 F. Supp. 2d 646, 683 (affirming magistrate judge's decision to bifurcate underlying contract claims from alter ego issues).

The court instructed the Magistrate Judge to determine whether Plaintiffs stated the discovery requests with requisite particularity and, if so, whether the burden of production outweighs Plaintiffs' interest in the discovery. (Filing No. 74 at 8). Accordingly, the Magistrate Judge crafted a discovery ruling that attempts to both accommodate Plaintiffs' interest in the discovery and limit the burden of production on Defendants. For instance, she narrowed the scope of requests numbered 86 and 100 to include documents showing the provision of "assistance, guidance, advice and input *between and among* defendants in the areas of marketing, finance, and operation and functionality" of the software products at issue. (Filing No. 107 at 3 (emphasis added)).

Defendants claim that due to the integrated corporate structure of the Defendant entities, this ruling encompasses all emails of any member of the marketing team that concern any SSIMED product. (Filing No. 112 at 9). They further contend that the ruling includes "all deliverables and marketing output regarding any SSIMED product." (*Id.*). Simply put, Defendants exaggerate the range of documents subject to the discovery ruling. Notwithstanding the integrated corporate structure, the ruling applies to two SSIMED products—Practice Manager Suite and EMRge—and only to the extent that

documents show assistance, guidance, advice, and input between and among the Origin entities in three specific topic areas. Given the breadth and nature of Plaintiffs' claims, such discovery does not constitute a proverbial "fishing expedition" that would impose undue hardship upon Defendants. *See Marrese v. Am. Academy of Orthopaedic Surgeons*, 706 F.2d 1488, 1493 (7th Cir. 1983) (noting that the court must "compare the hardship to the party against whom discovery is sought, if discovery is allowed, with the hardship to the party seeking discovery if discovery is denied"). Thus, Defendants have failed to show that the Magistrate Judge committed clear error.[1]

Defendants also object on the grounds that the burden of production outweighs Plaintiffs' interest in the alter ego discovery. (Filing No. 112 at 10–11). In an attempt to minimize the purpose of Plaintiffs' alter ego discovery requests, Defendants suggest that Plaintiffs pursue such discovery *only* to establish joint and several liability among SSIMED, Origin Healthcare Solutions, and Origin Holdings. (Filing No. 112 at 6–8, 10–11). Therefore, the Defendants argue, a stipulation to joint and several liability in the event Defendants are found liable obviates Plaintiffs' need to pursue alter ego discovery. (*Id.*). Accordingly, Defendants readily offer to stipulate to joint and several liability in exchange for an order that bars Plaintiffs from further pursuing such discovery. (*Id.*).

---

[1] Defendants also object to four other rulings as overly broad due to the nine year time period (2003 through 2012) for which production is requested. (Filing No. 112 at 9). The parties entered into a contract giving rise to this litigation in 2003. Plaintiffs commenced this action in January 2013. Because Defendants fail to provide the court reason to believe that this time period is inappropriate, the court overrules the objection.

Defendants, however, mistakenly presume that Plaintiffs only pursue alter ego discovery to establish joint and several liability.  In its March 2014 Order, the court noted that the Magistrate Judge erred in failing to meaningfully consider Plaintiffs' asserted ground of prejudice that "the discovery in dispute involves overlapping theories beyond veil-piercing requiring additional judicial involvement if a stay [of alter ego discovery] is granted."  (Filing No. 74 at 8).  Furthermore, as discussed above, a magistrate judge must determine the propriety of allowing alter ego discovery to proceed as part of the underlying case.  Accordingly, the Magistrate Judge issued rulings on the requests, taking into account Plaintiffs' asserted interests in the discovery and Defendants' asserted burden of production.  (*See* Filing No. 107 (providing Option A as a means of allowing some alter ego discovery while limiting the applicable time period, which would have limited the burden on Defendants)).  Defendants, relying upon a faulty presumption, simply point to their offered stipulation and Plaintiffs' rejection of it as grounds for finding clear error.  Therefore, Defendants fall short of meeting their burden.

## IV. Conclusion

For the reasons set forth above, the court finds that Defendants have failed to show that the Magistrate Judge committed clear error. Accordingly, the court **OVERRULES** Defendants' objections (Filing No. 112) and **AFFIRMS** the Magistrate Judge's July 25, 2014 Order (Filing No. 107).

**SO ORDERED** this 25th day of November 2014.

_____
RICHARD L. YOUNG, CHIEF JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.