UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| PAIN CENTER OF SE INDIANA, LLC, ) <br> INDIANA PAIN MEDICINE AND ) <br> REHABILITATION CENTER, P.C., ) <br> ANTHONY ALEXANDER M.D., ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> ORIGIN HEALTHCARE SOLUTIONS, ) <br> LLC; ) <br> SSIMED (d/b/a SSIMED Holding, LLC); ) <br> ORIGIN HOLDINGS, INC., a Delaware ) <br> Corporation; JOHN DOES (1–50) ) <br> inclusive; and JOHN DOES (1–100) ) <br> inclusive, ) <br> ) <br> Defendants. ) | 1:13-cv-00133-RLY-DKL |

**ENTRY ON PLAINTIFFS' OBJECTIONS TO MAGISTRATE JUDGE LARUE'S
SEPTEMBER 15, 2014 ENTRY**

Plaintiffs, the Pain Center of SE Indiana, LLC, the Indiana Pain Medicine and

Rehabilitation Center, P.C., and Anthony Alexander, M.D., object to the Magistrate

Judge's September 15, 2014 Entry ruling that Plaintiffs noticed only one Rule 30(b)(6)

deposition for Defendants, SSIMED, d/b/a SSIMED Holding, LLC, Origin Healthcare

Solutions, LLC, and Origin Holdings, Inc., as opposed to five separate depositions for

each of Defendants' corporate designees. For the reasons set forth below, the court

**OVERRULES** Plaintiffs' objection and **AFFIRMS** the Magistrate Judge's ruling.

1

**I.   Background**

On August 13, 2014, Plaintiffs served Plaintiffs' Notice of 30(B)(6) [*sic*] Deposition of Defendants ("Notice"), which set the deposition for September 15, 2014 and set forth 17 topic areas. (Filing No. 125-1 at 1). With respect to duration, the Notice provided that "the deposition will continue until its completion, excluding Sundays and legal holidays." (*Id.*). In a letter dated August 18, 2014, Defense counsel responded that Defendants would designate at least five corporate representatives. (Filing No. 128-2 at 1). On August 21, counsel for the parties attended a telephonic status conference before the Magistrate Judge in which Defendants confirmed the designation of five representatives, and the Magistrate Judge confirmed the format for the deposition. (Filing 128 at 2). On August 22, the Magistrate Judge entered an Order (Filing No. 110) outlining the settled format of the deposition. In a section titled "Date, location, and manner of Plaintiffs' Rule 30(b)(6) depositions of Defendants," the Magistrate Judge entered the following:

> The depositions of Defendants' designated Rule 30(b)(6) representatives shall occur in Windsor, Connecticut on September 15, 2014. Defendants' counsel reported that Defendants have disclosed their five designated witnesses to respond to all of the noticed deposition topics. Defendants have not identified which representative will respond to each topic and they are not required to do so. All five representatives shall be present at the deposition and the appropriate representative shall respond.

(Filing No. 110 at 1). Prior to September 15, neither party objected to the foregoing format of the deposition as set forth in the Order.

On September 15, counsel for the parties and Defendants' designated witnesses appeared in Windsor, Connecticut as scheduled. At the beginning of the deposition,

2

Plaintiffs' counsel indicated for the first time that they required five seven-hour days of deposition time—one day for each witness—and requested that all but the first witness leave the room. (Filing No. 128 at 4; Filing No. 120 at 1–2). Defendants' counsel objected, arguing that she and the witnesses had only planned for one day based upon the August 22 Order. (Filing No. 128 at 4). The parties conferred telephonically with the Magistrate Judge who ruled that Plaintiffs were not entitled to more than one seven-hour day to conduct the deposition.[1] (Filing No. 120). Plaintiffs deposed only one witness on September 15, and their objection to the Magistrate Judge's ruling followed.

## II. Standard of Review

Pursuant to Rule 72(a) of the Federal Rules of Civil Procedure, a district court may modify or set aside any part of a non-dispositive order that is clearly erroneous or contrary to law. Clear error means that the district court may overturn a magistrate judge's ruling only if the court is left with the definite and firm conviction that the magistrate judge made a mistake. *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 943 (7th Cir. 1997). An order is contrary to law when it "'fails to apply or misapplies relevant statutes, case law, or rules of procedure.'" *Henry v. Centeno*, No. 10 C 6364, 2011 WL 3796749, at *1 (N.D. Ill. Aug. 23, 2011) (quoting *Tompkins v. R.J. Reynolds Tobacco Co.*, 92 F. Supp. 2d 70, 74 (N.D.N.Y. 2000)).

---

[1] On September 16, the Magistrate Judge issued an Entry in which she summarized her ruling for the record (Filing No. 120).

### III. Discussion

Plaintiffs make several related arguments in their objection to the Magistrate Judge's ruling. In sum, however, Plaintiffs challenge the Magistrate Judge's application of Rule 30(d)(1) as it applies to a Rule 30(b)(6) deposition where a corporate entity designates multiple representatives to testify on its behalf. (Filing No. 125 at 5–10). Rule 30(b)(6) provides that "a party may name as the deponent a public or private corporation . . . The named organization must then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify." Absent a court order or stipulation otherwise, the duration of a deposition may not exceed one day of seven hours. Fed. R. Civ. P. 30(d)(1). As Plaintiffs point out, however, the Advisory Committee Notes to Rule 30(d) instruct that the duration limit should apply separately to each deponent designated under 30(b)(6). *Canal Barge v. Commonwealth Edison Co.*, No. 98 C 0509, 2001 WL 817853, at *3 (N.D. Ill. July 19, 2001) (citing Fed. R. Civ. P. 30(d) Advisory Committee Notes); *but see In re Rembrandt Techs., LP*, No. 09-cv-00691-WDM-KLM, 2009 WL 1258761, at *14 (D. Colo. May 4, 2009) (declining to follow the blanket rule stated in the 2000 Advisory Committee Notes "because it rewards broader deposition notices and penalizes corporate defendants who regularly maintain business information in silos . . .").

Although Plaintiffs might have had a valid objection to the single-day format outlined in the August 22 Order, they failed to object until September 15, the day of the deposition. A party has 14 days to serve and file objections to a magistrate judge's

4

nondispositive order with the district court. Fed. R. Civ. P. 72(a). When a party fails to timely object to a magistrate judge's recommendation, the court need not "impose the fell sanction of dismissal for missing it" so long as the late filing does not prejudice the other party. *Hunger v. Leininger*, 15 F.3d 664, 668 (7th Cir. 1994). This case, however, presents the quintessential scenario justifying dismissal. As in this case, depositions often require counsel to travel and force deponents to rearrange their work and personal schedules. Defendants' designees and counsel arrived to the deposition reasonably expecting a single day of testimony pursuant to the August 22 Order. To grant Plaintiffs a fivefold extension on the morning of the deposition would have prejudiced Defendants, unfairly imposing upon them the cost and inconvenience of four additional, unanticipated days of testimony.

Plaintiffs object to the premise that the August 22 Order established the duration of the deposition. They contend that the 14-day window within which to object commenced on September 15, when the Magistrate Judge ruled that Plaintiffs were not entitled to depose each representative for seven hours. (Filing No. 132 at 2–3, 5). The court disagrees. Plaintiffs seem to believe that an unambiguous, non-dispositive discovery order becomes ripe for objection only when the magistrate judge affirmatively states that a party may not deviate from it. (*See id.* at 3 ("If prior to September 15, Plaintiffs had never mentioned, and Defendants had never heard, that Plaintiffs intended to depose each . . . designee for seven hours, then certainly [the Magistrate Judge] could not have ruled that Plaintiffs only had [one day to depose] . . .")). The August 22 Order states that Plaintiffs' Rule 30(b)(6) deposition shall occur *on September 15*—not

"commence on" September 15—and that all five designated representatives shall be present at the deposition so that, depending on the topic, the appropriate representative may respond. (Filing No. 110 at 1). No reasonable reading of the August 22 Order can accommodate the prospect that Plaintiffs had more than a day to conduct the deposition. Importantly, Plaintiffs knew as early as August 18 that Defendants' intended to designate at least five representatives to testify.[2] Thus, knowing that they would need more than a single seven-hour day, Plaintiffs should have objected to this format outlined in the August 22 Order within 14 days, not 24 days later and just minutes before the deposition. *See* Fed. R. Civ. P. 72(a). Therefore, due to Plaintiffs' untimely objection, the court declines to decide the issue of clear error.

---

[2] Moreover, Plaintiffs seemed to have anticipated multiple days of deposition testimony based on the language in Plaintiffs' Notice. (Filing No. 125-1 at 1 ("[T]he deposition will continue until its completion, excluding Sundays and legal holidays . . .")). To the extent that one can presume to have seven hours to depose each corporate designee, the August 22 Order negated this presumption for Plaintiffs. Thus, the court wonders why the August 22 Order did not alert Plaintiffs to a potential problem until the day of the deposition.

## IV. Conclusion

For the reasons set forth above, the court **OVERRULES** Plaintiffs' Objection to Magistrate Judge LaRue's September 15, 2014 Ruling (Filing No. 125) and **AFFIRMS** the Magistrate Judge's ruling (Filing No. 120).  If Plaintiffs require more time to depose Defendants, they should move for leave of court pursuant to Rule 26(b)(2).


**SO ORDERED** this 25th day of November 2014.

_____
RICHARD L. YOUNG, CHIEF JUDGE
United States District Court
Southern District of Indiana


Distributed Electronically to Registered Counsel of Record.