<strong>UNITED STATES DISTRICT COURT<br>
FOR THE SOUTHERN DISTRICT OF INDIANA,<br>
INDIANAPOLIS DIVISION</strong>

| | |
|---|---|
| **PAIN CENTER OF SE INDIANA, LLC,** *et al.*, <br><br>     **Plaintiffs,** <br><br> *vs.* <br><br> **ORIGIN HEALTHCARE SOLUTIONS, LLC,** *et al.*, <br><br>     **Defendants.** | CAUSE NO. 1:13-cv-133-RLY-DKL |

<strong>ENTRY</strong>

<em>Plaintiffs' Motion To Quash the Subpoena Issued to Marten's Accounting<br>
and Bloomfield State Bank</em>  [doc. 163]

Plaintiffs move to quash six *subpoenae duces tecum* that were served by Defendants on third parties.[1] The subpoenas sought financial information regarding Plaintiffs and were served on four banks — First Financial Bank, N.A.[2]; PNC Bank National Association[3]; Fifth Third Bank[4]; and Bloomfield State Bank[5] — and two accounting

---

[1] Despite the motion's title, the body of Plaintiffs' motion and supporting briefs identify five subpoenas that Plaintiffs want quashed. In addition, although neither the motion nor the supporting briefs specifically identify the sixth subpoena to Mark Dennis, C.P.A., they mention a subpoena to Plaintiffs' C.P.A. and Plaintiffs include a copy of it in the attachments to their supporting brief. The Court will presume that the motion applies to that subpoena as well.
[2] [Docs. 164-2 and 177-4.]
[3] [Docs. 164-1 and 177-6 at p. 3.]
[4] [Docs. 177-1 at pp. 2, 5, 8, and 11, and 177-3.]
[5] [Docs. 164-4 and 177-2 at pp. 2 and 5.]

services — Marten's Accounting[6] and Mark Dennis, C.P.A.[7] The subpoenas have identical descriptions of the documents that are demanded:

> All annual or monthly statements, loan documentation, and documents regarding garnishments or levies on any account held by the Pain Center of SE Indiana, LLC, the Pain Medicine and Rehabilitation Center, P.C. or Anthony Alexander between January 1, 2003 and December 31, 2012.

(The Court assumes that the subpoena to Marten's Accounting was the same.) By the time of Defendants' responsive brief, Fifth Third Bank and First Financial Bank already had responded that they have no responsive documents; thus, the motion is moot as to those subpoenas. After Defendants' response brief was filed, Defendants received documents from Bloomfield State Bank [doc. 183] and Mark Dennis [doc. 192]. Defendants have not received responses or documents from PNC Bank or Martin's Accounting.

Plaintiffs argue that **(1)** Defendants are engaged in an unlimited fishing expedition, **(2)** the documents are not relevant to any claim in the case, **(3)** the Court has already ruled on Defendants' previous discovery requests relating to damages, **(4)** the subpoenas request impermissible disclosures, and **(5)** the subpoenas request privileged information. Defendants argue that the requested documents will tend to show Plaintiffs' financial conditions over the time period of Plaintiffs' allegations, which are relevant to their claims for $126.6 million of lost profits. Defendants assert that they have requested

---

[6] No copy of the subpoena to Marten's Accounting was submitted by either side.
[7] [Doc. 164-3.]

2

financial information directly from Plaintiffs but have not received any responsive documents to date.

Plaintiffs did not identify or show any applicable privilege preventing production of responsive documents.

Plaintiffs' arguments that Defendants are engaged in an unlimited fishing expedition and are requesting impermissible disclosures are merely conclusory.

Plaintiffs' refer to the Court's rulings on Plaintiffs' requests for production of alter-ego-related documents as the previous rulings that "cautioned against an overproduction of confidential financial documents." (*Plaintiffs' Reply in Support of Motion to Quash Subpoena of Financial Records* [doc. 182] at 3.) The application of those rulings or cautions to the present motion was not explained and is not self-evident. In addition, those prior rulings involved productions by a party and addressed the burden that the requested production imposed and the interest in an orderly and practical staging of discovery. No reason has been shown to credit any arguments of burden or staging by Plaintiffs on behalf of non-parties.

The requested documents are relevant to Plaintiffs' allegations of damages. Plaintiffs' *First Amended Complaint* [doc. 16] ("*Complaint*") makes the following specific damages allegations:

**(1)** Defendants' conduct caused Plaintiffs to engage in a "vicious cycle of borrowing from banks and friends to cover financial shortfalls that should have been

3

taken care of by income generated by the corporation as well as [lost] personnel." *Complaint* ¶¶ 42 and 70.

**(2)** Defendants' conduct caused Plaintiffs to suffer "lost profits beyond reasonable certainty associated with multiple business opportunities." *Id*. ¶¶ 81 and 91. The lost opportunities included:

**(a)** Plaintiffs could not accept an opportunity to join a surgery partnership, requiring a payment of $20,000, "due to a lack of financial resources caused by Origin's faulty billing." Plaintiffs expect to suffer damages exceeding $20 million due to the loss of this opportunity. *Id*.

**(b)** Because Plaintiffs were unable to hire three interventional pain medicine physicians in 2003, 2006, and 2010 due to the Defendants' conduct, they suffered a loss of $35 million. *Id*.

**(c)** A physical and pain rehabilitation specialist, who generated at least $500,000 income for the practice, left the practice. *Id*.

**(d)** Plaintiffs had patent rights to a product and (apparently) lost the opportunity to gain profit from the rights. *Id*.

**(e)** Plaintiffs could not complete an ambulatory surgery center in 2005 or 2010 and are expected to suffer a loss of $25 million as a result. *Id*.

**(f)** Plaintiffs could not complete an MRI center in 2003 or 2010 and suffered a loss of $21.6 million as a result.

4

By alleging that Defendants' conduct caused Plaintiffs to suffer periodic shortages of available funds, which caused them to engage in a "vicious cycle of borrowing from banks and friends to cover financial shortfalls" and to lose multi-million-dollar business opportunities (in one case, a loss of a $20 million opportunity due to a lack of only $20,000), Plaintiffs have placed their financial conditions directly in issue. Defendants are far from engaging in a mere fishing expedition. The documents requested in the subpoenas are reasonably calculated to provide evidence of Plaintiffs' financial conditions during relevant periods and, therefore, are relevant and discoverable.

Plaintiff's *Motion To Quash the Subpoena issued to Marten's Accounting and Bloomfield State Bank*, [doc. 163], is **DENIED**.

**DONE this date:**   01/23/2015

*Denise K. LaRue*
Denise K. LaRue
United States Magistrate Judge
Southern District of Indiana

Distribution to all ECF-registered counsel of record *via* ECF-generated e-mail.