UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| PAIN CENTER OF SE INDIANA, LLC; INDIANA PAIN MEDICINE AND REHABILITATION CENTER, P.C.; and ANTHONY ALEXANDER, M.D., | ) ) ) ) ) | |
| Plaintiffs, | ) ) ) | 1:13-cv-00133-RLY-DKL |
| vs. | ) ) | |
| ORIGIN HEALTHCARE SOLUTIONS LLC, SSIMED (d/b/a SSIMED Holding, LLC); ORIGIN HOLDINGS, INC., a Delaware Corporation; JOHN DOES (1–50) inclusive; and JOHN DOES (1–100) inclusive, | ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**ENTRY ON PLAINTIFFS' OBJECTION TO MAGISTRATE JUDGE LARUE'S OCTOBER 17, 2014 ENTRY**

Plaintiffs, the Pain Center of SE Indiana, LLC, the Indiana Pain Medicine and Rehabilitation Center, P.C., and Anthony Alexander, M.D., object to the Magistrate Judge's October 17, 2014 Entry (Filing No. 134) denying Plaintiffs' Motion for Sanctions against Defendants, SSIMED, d/b/a SSIMED Holding, LLC, Origin Healthcare Solutions, LLC, and Origin Holdings, Inc. For the reasons set forth below, the court **OVERRULES** Plaintiffs' Objection and **AFFIRMS** the Magistrate Judge's ruling.

Plaintiffs' Motion for Sanctions arose from the parties' prolonged dispute regarding certain requests for production, which the parties describe as "alter ego"

1

discovery. The parties have quarreled over the discoverability of such requests for some time. The court therefore refers the reader to prior entries for more detailed accounts of the procedural background of this case. (*See, e.g.*, Filing No. 154; Filing No. 158).

Plaintiffs argued that Defendants purposefully and in bad faith obstructed Plaintiffs' efforts to conduct discovery. The dispute boiled over when, on August 28, 2014, Defendants filed a belated Objection (Filing No. 112) to the Magistrate Judge's July 25, 2014 Entry (Filing No. 107). (*See* Filing No. 154 at 6). The July 25 Entry ordered Defendants to respond to alter ego requests but did not specify a deadline for production. On August 22, the Magistrate Judge ordered Defendants to comply with the July 25 Entry by August 28, the day Defendants filed their Objection. Plaintiffs filed the Motion for Sanctions (Filing No. 116) approximately one week later and months before the court ruled on Defendants' Objection. In its ruling, the court observed Defendants' noncompliance with Rule 72's fourteen-day deadline but ultimately overruled the Objection on substantive grounds. (Filing No. 154 at 5–6). Notably, the court made no finding as to whether Defendants acted in bad faith or whether their late Objection prejudiced Plaintiffs. (*See id.*).

Before the Magistrate Judge, Plaintiffs requested sanctions for Defendants' alleged "willful and repeated failure to comply with discovery orders." (Filing No. 116 at 6). They colorfully described Defendants' conduct as "sandbagging" and "playing by their own discovery rules" and "hiding behind the guise of an [objection]." (*Id.*). Plaintiffs then concluded that Defendants' conduct "robbed Plaintiffs of time, resources, and documents [they] should have long since had . . . ." (*Id.*).

2

Denying Plaintiffs' Motion, the Magistrate Judge concluded that "[t]here is no indication in Plaintiffs' recitation of the facts that Defendants failed to meet response deadlines in bad faith or as part of a campaign of obstruction and delay." (Filing No. 134 at 2). The only disputable failure to obey a discovery order occurred on August 28, when Defendants filed their Objection rather than produce documents in accordance with the July 25 and August 22 entries. On this point, the Magistrate Judge simply disagreed with Plaintiffs' description of events. Having worked closely with the parties throughout the discovery process, she found no bad faith or intentional obstructionism.[1] (*See* Filing No. 134 at 4–5). Moreover, she noted that because the issue of timeliness—and therefore potentially sanctionable conduct—was before the court on Defendants' Objection, Plaintiffs' Motion for Sanctions was premature. (*Id.* at 4). Accordingly, and quite sensibly, the Magistrate Judge denied the Motion.

Federal Rule of Civil Procedure 37(b)(2)(A) authorizes the court to sanction parties who fail to obey discovery orders. Because the Magistrate Judge has a firsthand perspective on the parties' conduct during the discovery process, she enjoys especially broad discretion when deciding whether to impose Rule 37 sanctions. *See Shine v. Owens-Illinois, Inc.*, 979 F.2d 93, 96 (7th Cir. 1992) (citations omitted); Fed. R. Civ. P. 37(b)(2)(A) ("If a party . . . fails to obey an order to provide or permit discovery, . . . the

---

[1] The Magistrate Judge appeared to accept that the lack of a production deadline in the July 25 Entry created some ambiguity. Although the court determined that Defendants' filed an untimely objection, (*See* Filing No. 154 at 6), this fact did not preclude the Magistrate Judge from finding sanctions to be unwarranted.

court . . . *may* issue further just orders." (emphasis added)).  The district court reviews the non-dispositive discovery decisions of a magistrate judge for clear error.  *Domanus v. Lewicki*, 742 F.3d 290, 295 (7th Cir. 2014) (citation omitted); Fed. R. Civ. P. 72(a).  In other words, the court will not upset a magistrate judge's decision unless it runs contrary to law or leaves the court with a definite and firm conviction that the magistrate judge made a mistake.  *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 943 (7th Cir. 1997).

Plaintiffs do not attempt to show that the Magistrate Judge's decision runs contrary to law.[2]  Instead, Plaintiffs assert that she committed clear error.  Their Objection boils down to one complaint: the Magistrate Judge based her decision on issues not mentioned in Defendants' responsive brief.  (*See* Filing No. 146 at 4–7).  For example, Plaintiffs protest the Magistrate Judge's reference to Defendants' two unopposed motions for extensions to respond to requests for production, which soften Plaintiffs' claim to have endured "a nearly 1.5 year period of delay."  (*Id.* at 4–5).  They also object to her stated skepticism of any claimed prejudice that Defendants caused with respect to the September 15 deposition, given that the parties had already agreed to reserve the alter ego topics for a subsequent deposition.  Plaintiffs argue that the Magistrate Judge clearly erred because she based her decision on issues that she raised on Defendants' behalf.[3]

---

[2] Aside from the court's standard of review, Plaintiffs' brief contains not a single legal citation.

[3] With respect to the September 15, Rule 30(b)(6) deposition, Plaintiffs also argue that the Magistrate Judge did not adequately weigh the fact that alter ego discovery is relevant to all of Plaintiffs' claims, not just veil piercing.  First, this wholly fails to

The court reads the decision differently. The Magistrate Judge did not buttress her decision with arguments not raised by the parties; rather, she highlighted superfluous reasons why she would not, in her discretion, grant Plaintiffs' Motion. In the first instance, Plaintiffs bore the burden of showing that Defendants' conduct warranted Rule 37 sanctions. They cited Defendants' failure to respond to the discovery requests by August 28 as the sanctionable offense. Defendants then responded that their Objection, filed in lieu of producing documents, constituted a valid and timely appeal of the Magistrate Judge's July 25 Entry. The Magistrate Judge, exercising her broad discretion, cited *Plaintiffs' own recitation of the facts* and concluded that sanctions were not warranted. (*See, e.g.*, Filing No. 116 at 2, 4 (stating that Plaintiffs did not oppose Defendants' first two requests for extensions to file responses to the requests for production; noting that the July 25 Entry did not contain a production deadline); Filing No. 134 at 3, 4–5 (citing the same)). Plaintiffs, the moving party, cannot now complain that the Magistrate Judge made improper findings based on Plaintiffs' description of events. Nor can Plaintiffs fault the Magistrate Judge for deeming the Motion for Sanctions premature and thus avoiding the potentially awkward situation where her ruling on Plaintiffs' Motion contradicts the court's ruling on Defendants' Objection. In sum, Plaintiffs have failed to show that the Magistrate Judge committed clear error.

---

explain how Plaintiffs will incur additional expense when the parties already intended to conduct another deposition. Second, in light of the debacle that occurred at the September 15 deposition, (*see* Filing No. 155 (overruling Plaintiffs' Objection to the Magistrate Judge's September 15 Entry)), any claim of prejudice is now moot.

For the foregoing reasons, the court **OVERRULES** Plaintiffs' Objection to the Magistrate Judge's October 17 Entry (Filing No. 146) and **AFFIRMS** the Magistrate Judge's ruling.

**SO ORDERED** this 12th day of March 2015.

_____
RICHARD L. YOUNG, CHIEF JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.