UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| PAIN CENTER OF SE INDIANA, LLC; INDIANA PAIN MEDICINE AND REHABILITATION CENTER, P.C.; and ANTHONY ALEXANDER, M.D., | ) ) ) ) ) | |
| Plaintiffs, | ) ) | 1:13-cv-00133-RLY-DKL |
| vs. | ) ) | |
| ORIGIN HEALTHCARE SOLUTIONS LLC; SSIMED (d/b/a SSIMED Holding, LLC); ORIGIN HOLDINGS, INC., a Delaware Corporation; JOHN DOES (1–50) inclusive; and JOHN DOES (1–100) inclusive, | ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**ENTRY ON PLAINTIFFS' OBJECTION TO THE MAGISTRATE JUDGE'S OCTOBER 31, 2014 ENTRY**

Plaintiffs, the Pain Center of SE Indiana, LLC, the Indiana Pain Medicine and Rehabilitation Center, P.C., and Anthony Alexander, M.D., object to the Magistrate Judge's October 31, 2014 Entry and Order (Filing No. 145) denying in part Plaintiffs' Motion to Quash, Modify [subpoenas], and, in the Alternative, for a Protective Order (Filing No. 138 ("Motion for Protective Order")) against Defendants, SSIMED, d/b/a SSIMED Holding, LLC, Origin Healthcare Solutions, LLC, and Origin Holdings, Inc. For the reasons stated below, the court **OVERRULES** Plaintiffs' Objection and **AFFIRMS** the Magistrate Judge's Entry and Order.

1

The district court reviews the non-dispositive discovery decisions of a magistrate judge for clear error. *Domanus v. Lewicki*, 742 F.3d 290, 295 (7th Cir. 2014) (citation omitted); Fed. R. Civ. P. 72(a). In other words, the court will not upset a magistrate judge's decision unless it runs contrary to law or leaves the court with a definite and firm conviction that the magistrate judge made a mistake. *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 943 (7th Cir. 1997).

On October 22, 2014, Plaintiffs moved to quash or modify certain testimonial subpoenas under Federal Rule of Civil Procedure 45(d)(3)(A) and for a protective order against all of Defendants' outstanding discovery under Rule 26(c)(1). The Magistrate Judge denied the motion in relevant part. Plaintiffs' motion amounted to a request for a stay of Defendants' discovery as a sanction for alleged misconduct under Rule 37(b)(2)(A). Plaintiffs urged the Magistrate Judge to grant a protective order and quash or modify non-party subpoenas until the court ruled on two then pending objections to rulings of the Magistrate Judge. The objections concerned Plaintiffs' requests for production of "alter ego" discovery and the length of Plaintiffs' 30(b)(6) deposition of Defendants on September 15, 2014.[1] The court has since overruled both objections. (*See* Filing No. 155 (overruling Plaintiffs' objection to the Magistrate Judge's September 15, 2014 ruling that limited their 30(b)(6) deposition to one day); Filing No. 154 (overruling Defendants' objection to an order to produce alter ego discovery); *see also* Filing No. 216

---

[1] Plaintiffs repeatedly refer to "pending motions." The court discerns, to the best of its ability, that Plaintiffs refer collectively to the two then pending objections before the court (Filing No. 112 and Filing No. 125) and a Second Motion for Sanctions (Filing No. 130) still pending before the Magistrate Judge.

(overruling Plaintiffs' objection to an October 17, 2014 entry denying a motion for sanctions against Defendants for failing to produce alter ego discovery)). Thus, to the extent Plaintiffs object on grounds that the Magistrate Judge failed to consider pending objections or allegations of misconduct related to alter ego discovery, Plaintiffs' Objection is **OVERRULED as moot**.

Plaintiffs further argue that the Magistrate Judge failed to consider Plaintiffs' Second Motion for Sanctions (Filing No. 130), which is still pending, and arguments made therein as bases for granting a protective order. That motion concerns Defendants' allegedly obstructive conduct during the 30(b)(6) deposition of Defendant entities. (*See* Filing No. 131). In support of the Motion for Protective Order, Plaintiffs made a passing reference to the Second Motion for Sanctions in the "Procedural Background" portion of their brief in support. (Filing No. 139 at 2 ("Defendants thoroughly obstructed Plaintiffs' ability to [conduct the 30(b)(6) deposition].")). Plaintiffs now assign error on grounds that the Magistrate Judge failed to consider the pending sanctions motion as a basis for granting a protective order. (*See* Filing No. 147 at 8–9, 10, 11, 12, 14 (repeating the same objection)). First, to effectively oppose a motion, the opposing party must respond to the movant's *arguments* made in support of that motion. To treat general references to other filings as legal arguments would severely undercut the opposing party's ability to mount an opposition. Second, Plaintiffs wrongly presume that the court will rummage elsewhere on the docket for arguments in support of a motion. Simply referring the Magistrate Judge to other filings is no substitute for citing specific, supportable facts—as opposed to conclusory generalizations—and arguing why those facts warrant relief under

3

Rules 26(c) or 37(b). Finally, in the Second Motion for Sanctions, Plaintiffs requested a stay of Defendants' discovery as a sanction for obstructing the 30(b)(6) deposition. Therefore, the Magistrate Judge has the opportunity to consider that motion on its own merits.

Lastly, Plaintiffs assert that the Magistrate Judge failed to "adequately consider" Plaintiffs' substantive arguments concerning the burden and expense that Defendants' noticed depositions would impose upon Plaintiffs. (Filing No. 147 at 10). Yet Plaintiffs simply repeat the bald assertion that certain witnesses—Joy Cain and Lelehna Elder—are "irrelevant to the litigation." Such assertions say nothing of substance about the relevance of any potential testimony, and the Magistrate Judge was well within her discretion to discard them.[2] Thus, Plaintiffs have failed to show that the Magistrate Judge's decision is clearly erroneous or contrary to law.

---

[2] The court notes that the depositions of the non-party witnesses at issue have either occurred or have been scheduled. (*See* Filing No. 160 at 2; Filing No. 165).

Furthermore, to the extent Plaintiffs' counsel argues that the Magistrate Judge failed to extend relief under Rule 26 or Rule 45 because he is out-of-state counsel, such undeveloped and unsupported assertions approach frivolousness. (*See* Filing No. 147 at 10–12). The Magistrate Judge's incredulity concerning counsel's complaint of having to travel to defend depositions indicates that counsel failed to persuade her. It does not reflect a disparity in the availability of relief under the Federal Rules of Civil Procedure.

For the foregoing reasons, the court **OVERRULES** Plaintiffs' Objection (Filing No. 147) and **AFFIRMS** the Magistrate Judge's Entry and Order (Filing No. 145).

**SO ORDERED** this 10th day of April 2015.

_____
RICHARD L. YOUNG, CHIEF JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.