UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA,
INDIANAPOLIS DIVISION

| | |
|---|---|
| PAIN CENTER OF SE INDIANA, LLC, *et al.*,<br><br>      **Plaintiffs**,<br><br>      *vs.*<br><br>ORIGIN HEALTHCARE SOLUTIONS, LLC, *et al.*,<br><br>      **Defendants.** | CAUSE NO. 1:13-cv-133-RLY-DKL |

**ENTRY and ORDER**

**Defendants'** *Motion To Compel Plaintiffs To Respond to Requests for Production* **[doc. 203]**

Defendants move for an order compelling Plaintiffs to produce documents responsive to requests 1 through 3, and 5 through 14, in their *Defendants' Second Set of Request*[*s*] *for Production of Documents* [doc. 203-1] ("*R.F.P.*").[1] Plaintiffs responded with only objections.

Plaintiffs initially assert a general relevancy objection. They argue that the irrelevancy of the requested documents to the claims and defenses in this case is confirmed by, first, the fact that Defendants did not request the documents early enough

---

[1] Request no. 4 requests "[a]ll termination or separation documents for persons employed by Plaintiffs between January 1, 2003 and December 31, 2012." Plaintiffs responded with objections and the statement that they "are not aware of possessing any of these documents not already within possession of Defendants." [Doc. 203-2.] Defendants do not seek to compel any additional response to this request.

1

to utilize them for Defendants' depositions of Plaintiffs' employees or Rule 30(b)(6) depositions of the plaintiff entities and, second, "they repeatedly opposed Plaintiffs' multiple requests to extend the case management deadlines in time for either party to receive outstanding discovery." (*Plaintiffs' Response to Defendants' Motion To Compel Plaintiffs To Respond to Requests for Production* [doc. 210] ("*Response*") at 1-2.)

First, contrary to Plaintiffs' suggestion, whether a party's discovery tactics were well-designed or well-executed is not the measure of relevance. A party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . ." Fed. R. Civ. P. 26(b)(1).

> [R]elevancy is "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Chavez v. DaimlerChrysler Corp.*, 206 F.R.D. 615, 619 (S.D. Ind. 2002) (citations omitted); *accord Med. Assur. Co. v. Weinberger*, 295 F.R.D. 176, 181 (N.D. Ind. 2013) (citing Fed.R.Civ.P. 26(b)(1) and defining material as "relevant to the claim or defense of any party" if the material "bears on" or "reasonably could lead to other matter[s] that could bear on, any issue that is or may be in the case").

*Executive Management Services, Inc. v. Fifth Third Bank*, No. 1:13-cv-582-WTL-MJD, 2014 WL 5529895, *3 (S.D. Ind., Nov. 3, 2014). While courts may consider a party's lack of diligence and poor planning in determining good cause for discretionary allowances (such as extensions of deadlines), courts generally will determine relevance on its own merits. Therefore, the Court will consider only the relevance objections that are germane to the specific requests at issue. In addition, Defendants explain that the relevance of and necessity for some of their requests were manifested only after Plaintiffs' earlier discovery responses.

Second, Plaintiffs' argument based on Defendants' objections to Plaintiffs' motions to extend the discovery deadlines is unexplained and unclear and, therefore, is unconvincing. When Defendants served the present *R.F.P.* on September 22, 2014, the discovery deadline was November 25, 2014, *Second Amended Case Management Plan* [doc. 94] ("*Second CMP*"), ¶ IV.B.; *Entry on Telephonic Pretrial Conference, June 13, 2014* [doc. 96], which afforded enough time for Defendants to receive responsive documents if Plaintiffs had timely produced them. *Second CMP* ¶ IV n. 1 (discovery deadlines are the dates by which discovery must be "completed," meaning when timely responses can be served). The discovery deadline was not extended until November 14, 2014, when the Court extended it to February 27, 2015. *Entry and Order* (November 18, 2014 ) [doc. 151].

Plaintiffs' general relevancy objection is rejected.

**Request no. 1.** This request asks for "[a]ll correspondence with any governmental agency regarding Plaintiffs' billing." Defendants argue that the documents are relevant to Plaintiffs' alleged damages. Plaintiffs object that Defendants "fail[ ] to establish how **all** of Plaintiffs' correspondence with **any** governmental entity bears on" the issue of Plaintiffs' claimed losses and lost profits. (*Response* at 2.) They also argue that the request is overly broad and unduly burdensome in that it is "limitless", covering each and every bill submission to government agencies for processing, and "Plaintiffs should not have to locate each and every newsletter, notice, advertisement, and communication with any governmental agency that arguably relates to Plaintiffs' billing."

Plaintiffs allege that they have suffered at least $126,600,000 of injuries, *Plaintiffs' First Amended Complaint* [doc. 16] ("*Complaint*") ¶¶ 80, 81, 90-92, 103, 110, § V, which they attribute to deficiencies in Defendants' software and service. They allege that the deficiencies directly caused the loss of unpaid (and, now, uncollectable) insurance claims, which consequentially caused the loss of business opportunities and profits. Therefore, claims or billings that Plaintiffs submitted to governmental agencies for payment and correspondence regarding those claims or billings are relevant to Plaintiffs' claims for damages. Plaintiffs do not support their argument that searching for and producing responsive documents would be unduly burdensome, but their argument appears largely to be based on too broad a reading of the request's scope. In their reply, Defendants explain that they are seeking documents revealing "the nature and degree of problems Plaintiffs experienced when submitting claims to Medicare or Medicaid;" they are not seeking "the bills themselves, nor do they seek general correspondence such as newsletters or advertisements." (*Defendants' Reply Brief in support of Motion To Compel Plaintiffs To Respond to Requests for Production* [doc. 212] ("*Reply*") at 2.)

As so limited to correspondence that **(1)** is between any of the Plaintiffs and any governmental agency, and **(2)** includes content that addresses any bills that any of the Plaintiffs submitted for payment under Medicare or Medicaid programs, request no. 1 is relevant to the claims and defenses in this case. Because Defendants have not shown that compliance would cause an undue burden, the Court does not find that production will

4

be unduly burdensome. Therefore, Plaintiffs must produce all responsive documents in their possession, custody, or control.

**Requests nos. 2 and 3.** These requests ask for the draft and final employment agreements and the personnel files of all persons employed by Plaintiffs between January 1, 2003 and December 31, 2012. Defendants argue that these employment records are relevant because **(1)** Plaintiffs allege that the losses that they suffered due to Defendants' conduct caused them to be unable to hire three interventional pain-medicine physicians, which caused them to lose thirty-five million dollars, *Complaint*, ¶¶ 81; (*Reply* at 5); and **(2)** former employees of Plaintiffs testified in depositions that turnover in and lack of internal management of Plaintiffs' billing staff resulted in improper billing procedures, *Reply* at 5. Plaintiffs object that **(1)** the Court already ruled on the permissible scope of Defendants' access to Plaintiffs' employment records through its ruling on Defendants' first request for production no. 26 and Defendants should not be permitted to reopen that ruling based on arguments that were available to them then, and **(2)** the unnamed former employees do not speak for Plaintiffs and offer nothing new to a theory that was available to Defendants before.

Although Plaintiffs' primary objection is that the Court "has previously addressed the concerns of overbreadth, burdensomeness, and relevance related to employment records" in its ruling on Defendants first request no. 26, they fail to cite or identify that ruling. The closest that the Court finds is its *Entry on Telephonic Pretrial Conference, May 28, 2014* [doc. 89] which records only that, during that conference, the parties reported

5

reaching agreement on several discovery disputes, including that Plaintiffs had produced all documents responsive to request no. 26.[2] That statement does not constitute a ruling on Plaintiffs' scope, burden, or relevance objections or establish any limits on the request. In addition, Plaintiffs have shown no basis for such findings now.

Next, while it would have been better had Defendants supplied factual support for their assertion regarding the testimony of Plaintiffs' former employees and the size of Plaintiffs' staff, Plaintiffs do not assert that the witnesses' testimonies were not as Defendants described and they do not rebut Defendants' assertion that the number of employees fails to support an undue compliance burden. Plaintiffs' only objection is that their former employees do not speak for the plaintiff entities, but that the witnesses were not speaking as designated representatives under Fed. R. Civ. P. 30(b)(6) does not render their observations of Plaintiffs' conduct irrelevant.

Plaintiffs' insistence that Defendants should have sought this discovery and raised these arguments earlier is mistaken. First, the Court has already found that there has been no ruling setting limits on discovery of employment records and, second, Plaintiffs cite no support for a rule that parties are allowed only one opportunity to request a category or subject matter of documents. Discovery was still open when these requests were served and is still open. Defendants cite deposition testimony after service of their initial requests for production as the basis for the present requests for employment

---

[2] The Court also mistakenly noted that Plaintiffs' counsel agreed to consult with his clients to determine if they had any responsive documents.

records and that basis supports the relevance of the requested material.  If some of the responsive documents were previously produced, then Plaintiff may identify those documents in their previous productions to avoid duplication of production.

Therefore, Plaintiffs must produce all responsive documents in their possession, custody, or control.

**Requests nos. 5 and 6.**  These requests seek all of Plaintiffs' financial statements between January 1, 2003 and December 31, 2012, and Plaintiffs' state and federal tax returns for 2003 through 2012.  Plaintiffs' opposition is, again, difficult to decipher.  They argue that Defendants have shown no basis to revisit the Court's previous ruling regarding Defendants' prior requests for "all financial records relating to the operation or administration of Plaintiffs' enterprises" and indicate that the ruling was on "contention discovery," (*Response* at 5), but they, again, fail to cite the order they have in mind.  The Court is at a loss to discern any such order that precludes the present requests.  Plaintiffs also submit a copy of a January 12, 2015 e-mail from Plaintiffs' counsel to Defendants' counsel advising that Plaintiffs will produce financial statements that "relate to the end of year forecasting" when an individual ("Jeff") prepares them.  [Doc. 210-2.]  The meaning of this e-mail to the present motion is unclear.

Plaintiffs' financial statements and state and federal tax returns for the years 2003 through 2012 are relevant to Plaintiffs' claims for damages.  Plaintiffs do not assert that the statements and returns do not exist and they do not assert that producing them presents an undue burden.  If Plaintiffs already have produced any statement or return,

they may identify it or them in Plaintiffs' prior productions, so that duplicates are not produced. Therefore, Plaintiffs must produce all responsive documents in their possession, custody, or control.

**Requests nos. 7 through 10.** These requests seek **(1)** SQL backup of Plaintiffs' client database from their SQL service for 2003 through 2012; **(2)** the backup and all documentation of the database from which Plaintiffs created the closing files that Plaintiffs sent to Defendants for 2003 through 2012; and **(3)** contents of folder 91071 on Plaintiffs' SQL server. Apparently, Plaintiffs are confused about what Defendants are requesting and the Court is not satisfied that Defendants' *Reply* has provided complete clarification. The parties' informal resolution discussions do not appear to have been sufficiently in-depth or clear to have constituted a meaningful attempt. The Court also is not satisfied that sufficient explanation has been provided for the Court to recognize, let alone resolve, any existing dispute.

The Court directs the parties to meet and confer further to better identify the materials Defendants seek and the parties' positions on their discoverability. The Court offers the following guidance. First, if the SQL backup of Plaintiffs' database, the backup and documentation of the closing-files database, and the contents of folder 91071 would tend to show information about Plaintiffs' billings and, therefore, their alleged damages, then the materials are relevant. Second, if Plaintiffs have already produced any of the material requested, then they may identify it in previous productions and need not make a duplicate production. Finally, if Defendants already possess any of the information

requested, in the same form, nature, and completeness, in all material aspects, such that production of the requested documents by Plaintiffs would add nothing material, then it is unlikely that the Court will compel production.

Therefore, Defendants' motion to compel is denied, without prejudice, as to requests nos. 7 through 10. After the parties meet and confer again, and consider the Court's specific guidance as to these requests and general guidance as to the other requests, if the disputed issues are not resolved, then Defendants may file a renewed motion regarding these requests.

**Requests nos. 11 through 14.** These requests seek information regarding Plaintiffs' allegation that they had "patent rights to a porous Neurostimulator Lead and [are] expected to suffer an unknown loss related to this lost opportunity at this time but to be proven at trial." *Complaint* ¶ 81. The requests ask for **(1)** the patent application, **(2)** all communications with any governmental patent agency regarding the patent, and **(3)** all communications and documents related to the preparation of the patent application.

Plaintiffs object that **(1)** the requests are duplicative of Defendants' previous request for communications supporting Plaintiffs' contention that they suffered damages due to lost opportunities with the patent; **(2)** the iterations, modifications, and changes to the patent are irrelevant to lost-opportunity damages; and **(3)** the patent application is in the public domain and, thus, equally available to Defendants. Defendants contend that **(1)** their current requests are broader and more specific than their previous request; **(2)** information about the patent at issue is relevant to Plaintiffs' claim for damages due to

lost opportunities and is reasonably calculated to lead to admissible evidence; and **(3)** while Defendants appear to concede the equal availability of the patent application, they point out that communications and documents regarding the application are not publicly available.

The Court agrees with Defendants that the materials requested are relevant and they are broader than their earlier request. Communications with patent agencies about the patent and communications (internal and with third parties) about the patent application could tend to show, or lead to evidence showing, the monetary value of the patent to Plaintiffs and, thus, of the lost-opportunity damages to Plaintiffs. Plaintiffs did not assert an undue-burden objection.

Therefore, Plaintiffs must produce documents responsive to requests nos. 11 through 14. If any responsive documents were produced in response to Defendants' earlier request for production, then Plaintiffs may identify such documents in their previous production. Plaintiffs need not produce the patent application if it is in the public domain and freely accessible to Defendants.

## Conclusion

Defendants' *Motion To Compel Plaintiffs To Respond to Requests for Production* [doc. 203] is **GRANTED in part** and **DENIED in part** as set forth herein.

SO ORDERED this date: 04/14/2015

*Denise LaRue*
Denise K. LaRue
United States Magistrate Judge
Southern District of Indiana

Distribution to all ECF-registered counsel of record *via* ECF-generated e-mail.