UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| PAIN CENTER OF SE INDIANA, LLC; ) <br> INDIANA PAIN MEDICINE AND ) <br> REHABILITATION CENTER, P.C.; and ) <br> ANTHONY ALEXANDER, M.D., ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> ORIGIN HEALTHCARE SOLUTIONS ) <br> LLC; SSIMED (d/b/a SSIMED Holding, ) <br> LLC); ORIGIN HOLDINGS, INC., a ) <br> Delaware Corporation; JOHN DOES (1– ) <br> 50) inclusive; and JOHN DOES (1–100) ) <br> inclusive, ) <br> ) <br> Defendants. ) | 1:13-cv-00133-RLY-DKL |

**ENTRY ON PLAINTIFFS' OBJECTION TO THE MAGISTRATE JUDGE'S JANUARY 23, 2015 ENTRY**

Plaintiffs, the Pain Center of SE Indiana, LLC, the Indiana Pain Medicine and Rehabilitation Center, P.C., and Anthony Alexander, M.D., object to the Magistrate Judge's January 23, 2015 Entry (Filing No. 196) denying Plaintiffs' first motion to quash certain subpoenas of financial records (Filing No. 163). Defendants, SSIMED, d/b/a SSIMED Holding, LLC, Origin Healthcare Solutions, LLC, and Origin Holdings, Inc., served the subject subpoenas upon certain nonparties. For the reasons stated below, the court **OVERRULES** Plaintiffs' Objection and **AFFIRMS** the Magistrate Judge's Entry.

**I.    Background**

Plaintiff healthcare providers have alleged various counts of fraud and breach of contract against Defendants stemming from the performance of certain contracts. Plaintiffs contracted to purchase billing and clinical data software packages from SSIMED.  (Filing No. 16 ("Complaint") ¶¶ 36, 52).  Origin Healthcare Solutions later assumed the contracts as successor-in-interest to SSIMED.  (*See id.* ¶ 4).  According to Plaintiffs, Defendants' defective software and deficient support services led to lost income, forcing Plaintiffs into a "vicious cycle of borrowing from banks and friends to cover financial shortfalls."  (*Id.* ¶¶ 42, 70).  Moreover, such shortfalls allegedly fettered Plaintiffs' ability to pursue lucrative business opportunities.  (*Id.* ¶¶ 81, 91).

In December 2014, Defendants provided Plaintiffs the required notice of their intent to serve subpoenas on various financial institutions and Plaintiffs' CPA.  (*See* Filing Nos. 164-1 through 164-4).  The subpoenas sought "[a]ll annual or monthly statements, loan documentation, and documents regarding garnishments or levies on any account held by [Plaintiffs] between January 1, 2003, and December 31, 2012."  (*Id.*). Defendants also sought all communications between Plaintiffs and their CPA, and all documents received from or produced for Plaintiffs.  (Filing No. 164-3).  Plaintiffs moved to quash all of the subpoenas, asserting that (1) the subpoenas amount to a "fishing expedition"; (2) the documents sought lack relevance to the litigation and require impermissible disclosures; (4) the subpoenas seek privileged information; and (5) the Magistrate Judge had previously ruled on discovery requests related to damages.  (*See* Filing Nos. 164 and 182).  The Magistrate Judge denied Plaintiffs' motion, finding

2

Plaintiffs' assertions conclusory and without merit. (See Filing No. 196 at 3–5).

Plaintiffs now object to the Magistrate Judge's ruling.

## II. Discussion

Plaintiffs object to the Magistrate Judge's ruling on grounds that (1) she improperly dismissed Plaintiffs' assertion of privilege, and (2) she erroneously rejected Plaintiffs' position on relevancy.[1][2] The court now addresses the merit of each.

### A. Applicable Law

The district court reviews the non-dispositive discovery decisions of a magistrate judge for clear error. *Domanus v. Lewicki*, 742 F.3d 290, 295 (7th Cir. 2014) (citation omitted); Fed. R. Civ. P. 72(a). In other words, the court will not upset a magistrate judge's decision unless it runs contrary to law or leaves the court with a definite and firm

---

[1] Plaintiffs also assert the following:

> Plaintiffs also argued they currently have a pending [objection] regarding their motion to stay Defendants [*sic*] discovery requests until Defendants comply with multiple Court orders concerning a substantial and vitally critical portion of discovery requested by Plaintiffs nearly two years ago. Defendants clearly chose to ignore the orders to produce information relating to the underlying claims and their financial records clearly relevant to this litigation, but were able to engage in a fishing expedition with respect to Plaintiffs [*sic*] financial records. In this regard, the Magistrate Judge's ruling was clearly erroneous and contrary to law.

(Filing No. 200 ("Objection") at 5–6). The court has overruled the objection to which Plaintiffs refer (*See* Filing No. 220), rendering this argument moot. Secondly, this argument presumes the impropriety of the subpoenas for financial records. As discussed below, Plaintiffs failed to establish that premise.

[2] Plaintiffs also argue that the Magistrate Judge deviated from her prior ruling "concerning the overproduction of confidential information." (Objection at 5). Plaintiffs do not explain how the Magistrate Judge's ruling (*see* Filing No. 196 at 3) is clearly erroneous or contrary to law. Thus, the court declines to belabor the issue.

3

conviction that the magistrate judge made a mistake. *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 943 (7th Cir. 1997).

Federal Rule of Civil Procedure 45 governs the issuance of subpoenas. The breadth of discoverable material via subpoena parallels the liberal scope permitted under Rule 26(b) so long as the material sought is relevant, not privileged, and at least leads to admissible evidence. *Graham v. Casey's Gen. Stores*, 206 F.R.D. 251, 253–54 (S.D. Ind. 2002) (citations omitted). A court must grant a motion to quash or modify a subpoena that "requires disclosure of privileged or other protected matter . . . or subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iii)–(iv). The party seeking to quash subpoenas bears the burden of establishing its objections. *Jackson v. Brinker*, 147 F.R.D. 189, 194 (S.D. Ind. 1993) (citing *Holifield v. United States*, 909 F.2d 201, 2014 (7th Cir. 1990)).

A party generally lacks standing to quash a nonparty subpoena unless production of the materials sought would disclose privileged or protected information. *See United States v. Raineri*, 670 F.2d 702, 712 (7th Cir. 1982) (recognizing that a party may move to quash if subpoena infringes upon party's "legitimate interests"); *see also Malibu Media, LLC v. John Does 1-14*, No. 1:12-cv-263, 2013 WL 2285950, at *2 (N.D. Ind. May 22, 2013). Personal rights asserted with respect to bank accounts may give a party standing to challenge nonparty subpoenas served upon financial institutions. *Schmulovich v. 1161 Route 9, LLC*, No. 07-597(FLW), 2007 WL 2362598, at *2 (D.N.J. Aug. 15, 2007); *see also Iantosca v. Benistar Admin. Servs., Inc.*, No. 1:11-mc-0066-RLY-DML, 2011 WL 3155649, at *2 (S.D. Ind. July 26, 2011) (finding that movants—

4

both individuals and entities—had legitimate interest in the privacy of bank records sufficient to confer standing to challenge nonparty subpoena). The court finds that Plaintiffs have sufficient interest in their financial records and thus had standing to move to quash the subpoenas.

### B. Accountant-Client Privilege

Plaintiffs argue that the Magistrate Judge improperly rejected their invocation of the accountant-client privilege as conclusory.[3] Federal Rule of Evidence 501 provides that "state law governs privilege regarding a claim or defense for which state law supplies the rule of decision." Only claims arising under Indiana law remain in this case; thus Indiana law governs any assertion of privilege.

Indiana statute sets forth the accountant-client privilege:

> A certified public accountant, a public accountant, an accounting practitioner, or any employee is not required to divulge information relative to and in connection with any professional service as a certified public accountant, a public accountant, or an accounting practitioner.

Indiana Code § 25-2.1-14-1. Indiana courts disfavor such statutorily created privileges and therefore strictly construe them to limit their application. *Airgas Mid-Am., Inc. v. Long*, 812 N.E.2d 842, 845 (Ind. Ct. App. 2004). Not only must the party asserting privilege establish each of its essential elements; it must also invoke the privilege on a document-by-document basis. *Id.* (citing *Hayworth v. Schilli Leasing, Inc.*, 669 N.E.2d

---

[3] Plaintiffs make sporadic and passing references to "privileged information" and "privacy laws" throughout their briefs. To the extent Plaintiffs intended to quash the subpoenas on other legal authority, the court considers these arguments waived.

5

165, 169 (Ind. 1996)). Absent an articulation as to why the accountant-client privilege applies to the documents sought, the moving party may not use it to avoid discovery. *Id.*

Plaintiffs invoked the accountant-client privilege to quash the subpoenas served upon Martens Accounting and Mark Dennis, Plaintiffs' CPA. Yet Plaintiffs only cursorily asserted a blanket privilege on motion before the Magistrate Judge and exerted little more effort on objection to this court. (*See* Objection at 6 ("The account-client [*sic*] privilege as well as federal and state privacy laws should have applied."); Filing No. 164 ("Brief in Support of Motion to Quash") at 2 ("In addition, these subpoenas request impermissible disclosure [*sic*] from these third party entities as well as privileged information.")); Filing No. 182 ("Reply to Defendants Response in Opposition to Motion to Quash") at 2 ("Plaintiffs clearly have an interest in their financial records maintained by banks and the concomitant privacy protections."); *see also* Filing No. 213 ("[B]anking records for all monthly statements clearly provide[ ] access to personal and confidential information, including premature revelations about expert witnesses.")). Courts disfavor such blanket claims of privilege. *See Hayworth*, 669 N.E.2d at 169. Absent even a minimal articulation of the privilege's applicability, the court cannot determine that the Magistrate Judge clearly erred in rejecting such privilege as a basis for quashing the subpoenas.

C. **Relevance**

Plaintiffs insist that permitting Defendants' access to Plaintiffs' financial records for the past ten years amounts to a court-sanctioned "fishing expedition" of irrelevant materials.

Federal Rule of Civil Procedure 26(b)(1) permits discovery of materials relevant to any party's claim or defense that "appear[ ] reasonably calculated to lead to the discovery of admissible evidence." Although the party issuing subpoenas must first establish the relevance of the information sought, *see, e.g.*, *Kingsway Fin. Servs., Inc. v. Pricewaterhouse-Coopers LLP*, No. 03 Civ. 5560, 2008 WL 4452134, at *4 (S.D.N.Y. Oct. 2, 2008), the party moving to quash bears the burden of persuasion. *Malibu Media, LLC v. John Does 1-14*, 287 F.R.D. 513, 517 (N.D. Ind. 2012) (internal citations omitted).

In opposition to the Motion to Quash, Defendants argued, and the Magistrate Judge agreed, that Plaintiffs' allegations of damages placed their financial conditions directly at issue. Specifically, Plaintiffs seek $126.6 million in damages for alleged lost profits from unpaid insurance claims, lost personnel, and missed business opportunities. Defendants' conduct allegedly caused Plaintiffs' financial position to deteriorate, forcing them into a "vicious cycle of borrowing from banks and friends to cover financial shortfalls." (Complaint ¶ 42). The Magistrate Judge thus deemed the subpoenaed information relevant to Plaintiffs' damages claims and found Plaintiffs' bald assertions to the contrary unpersuasive. (*See* Filing No. 196 at 3, 5).

On objection, Plaintiffs repeat the conclusory assertion that Defendants failed to establish the relevance of financial records. Thus, the argument goes, the Magistrate Judge clearly erred because she did not give "adequate weight" to Plaintiffs' arguments. (*See* Objection at 4). In support, Plaintiffs contend that the Magistrate Judge improperly discounted Plaintiffs' concern that Defendants' sought information concerning tax levies

7

"for the sole purpose of establishing some wrongdoing on the part of Plaintiffs." (*Id.*). They further suggest that requests for loan documents are superfluous because Plaintiffs had already agreed "to produce the loan documentation that would be relevant to . . . lost profits." (*Id.* at 5). Such assertions not only fall far short of establishing clear error, but they also presume that one party (*i.e.* Plaintiffs) may dictate the relevance of information and the purposes for which it may be discovered.

## IV. Conclusion

For the foregoing reasons, the court **OVERRULES** Plaintiffs' Objection (Filing No. 200) and **AFFIRMS** the Magistrate Judge's Entry and Order (Filing No. 196).

**SO ORDERED** this 8th day of May 2015.

*[signature]*
RICHARD L. YOUNG, CHIEF JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.