**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF INDIANA,**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| **PAIN CENTER OF SE INDIANA, LLC,** *et al.*,  **Plaintiffs,**  vs.  **ORIGIN HEALTHCARE SOLUTIONS, LLC,** *et al.*,  **Defendants.** | **CAUSE NO. 1:13-cv-133-RLY-DKL** |

**ENTRY**

**Defendants'** *Motion for Protective Order Barring the Deposition of Brian Vandenberg* **[doc. 228]**

Plaintiffs served Defendants with a copy of a subpoena for Brian Vandenberg to appear for an oral deposition on June 10, 2015. [Doc. 228-1.] Mr. Vandenberg was formerly Executive Vice President and General Counsel for defendant Origin Healthcare Solutions, L.L.C. ("O.H.S.") and no longer works for the company.[1] *Declaration of Brian Vandenberg* (May 28, 2015) ("*2015 Declaration*") [doc. 228-2] ¶ 1; *Declaration of Brian Vandenberg* (August 28, 2014) ("*2014 Declaration*") [doc. 232-1] ¶ 1. Defendants now move for a protective order suppressing the deposition on the ground that Plaintiffs cannot satisfy the enhanced criteria for deposing an opposing party's attorney that were established by the United States Court of Appeals for the Eighth Circuit in *Shelton v. American Motors Corp.*, 805 F.2d 1323, 1327 (8th Cir. 1986): "(1) no other means exist to

---

[1] Defendants' counsel is representing Mr. Vandenberg for the purposes of the noticed deposition.

1

obtain the information than to depose opposing counsel . . . ; (2) the information sought is relevant and nonprivileged; and (3) the information is crucial to the preparation of the case."

Defendants submitted Mr. Vandenberg's *2015 Declaration* in which he states that he served as O.H.S.'s Executive Vice President and General Counsel from January 2011 to December 2014 and that, in that position, he "acted as legal advisor to personnel and staff" and "did not provide business or financial advice to personnel and staff." *2015 Declaration* ¶¶ 1-4. In his *2014 Declaration*, Mr. Vandenberg stated that he was "tasked with overseeing the management of Defendants' defense in this action." *2014 Declaration* ¶ 2. Defendants argue that Plaintiffs fail the three-part *Shelton* test for deposing Mr. Vandenberg because **(1)** information that he possesses can be obtained by other means, specifically the depositions of other current and former employees of O.H.S. that Plaintiffs have taken or will take; **(2)** any information received by Mr. Vandenberg during his tenure with O.H.S. was acquired in his capacity as General Counsel and, thus, protected by the attorney-client privilege; and **(3)** Plaintiffs have not shown that the information possessed by Mr. Vandenberg is crucial to their case. (*Motion for Protective Order Barring the Deposition of Brian Vandenberg* [doc. 228] ("*Motion*") at 2-3.)

In their response, Plaintiffs contend that Mr. Vandenberg "had substantial non-legal, and non-litigation involvement irrespective of his assertion of never providing business advice"; that he "is unique given his substantial involvement in non-legal matters with Defendant entities including the corporate sale of Defendant entities"; that

his testimony is "crucial"; and that there is no practical way to obtain the same breadth of information that Mr. Vandenberg has.  (*Plaintiffs' Response to Defendants' Motion for Protective Order Barring the Deposition of Brian Vandenberg* [doc. 232] ("*Response*") at 3-4.)

Plaintiffs do not provide the bases for these assertions.  The only apparent indication is that they rely on Mr. Vandenberg's *2014 Declaration*, which Defendants originally submitted in support of their resistance to Plaintiffs' alter-ego discovery.  In that declaration, Mr. Vandenberg stated that he was "familiar with the operations" of Defendants and briefly described their corporate structures and how "various common functions are centralized for the benefit of the group" — *e.g.*, marketing and finance/accounting functions — while still adhering to corporate formalities.[2]  Plaintiffs argue that, by this declaration, Mr. Vandenberg "has already testified as a witness about information that is crucial to this case and the fact that he was heavily involved in a corporate capacity regarding marketing, finance, and the SSIMED Manager or SSIMED Emerge Application", (*Response* at 4), and that this previous testimony "appears inconsistent with the evidence produced in this case thus far", (*Response* at 3).  Plaintiffs argue that, therefore, they are entitled to challenge the *2014 Declaration*, (*id.* at 4 n. 2), but they state that they do not intend to seek Mr. Vandenberg's testimony about information that he was provided in order to obtain his legal advice, (*id.* at 3).  Plaintiffs do not specify

---

[2] The point of the declaration was to support Defendants' argument that, due to the centralization of functions among Defendants, voluminous documents would be responsive to Plaintiffs' alter-ego discovery requests for, *inter alia*, communications and information that were shared between Defendants, which would, thus, impose an undue production burden on Defendants.

what "evidence produced in this case so far" is inconsistent with which parts of Mr. Vandenberg's *2014 Declaration*, or why it is inconsistent.

If *Shelton*'s test governed, and Defendants' interpretation of its scope were correct, then their argument might carry the day. But *Shelton* does not, and should not, govern and, even on its own terms, is likely inapplicable to the current circumstances. Defendants provide no support for their assertion that the Eighth Circuit's three-prong *Shelton* test has been "adopted by the Seventh Circuit", (*Defendants' Reply in Support of Motion for Protective Order Barring the Deposition of Brian Vandenberg* [doc. 235] ("*Reply*") at 2), and the Court has not found any Seventh Circuit opinion discussing, let alone adopting, *Shelton*'s test. While Defendants are correct in their assertion that "[c]ourts in this Circuit" have applied *Shelton*'s criteria for attorney depositions, (*Response* at 2); see, e.g., *F.D.I.C. v. Fidelity and Deposit Co. of Maryland*, No. 3:11-cv-19-RLY-WGH, *Entry on Motion for Protective Order*, 2013 WL 2421776 (S.D. Ind., June 3, 2013), *objections overruled*, 2013 WL 6181127 (S.D. Ind., Nov. 26, 2013)[3], there is a more persuasive line of decisions in this district rejecting *Shelton*'s special test for attorney depositions, *Phillips v. Indianapolis Life Ins. Co.*, No. 1:06-cv-1544-WTL-JMS, *Order*, 2009 WL 1564384 (S.D. Ind. 2009); *Cook, Inc. v. C R Bard, Inc.*, No. IP 00-1791-C-B/S, *Entry on Objections to Magistrate*

---

[3] In overruling the objections to the magistrate judge's decision in *Fidelity and Deposit*, the district judge held that, because district courts in this circuit have varied in their treatment of *Shelton* and "[b]ecause there appears to be no majority approach", the magistrate judge's application of the *Shelton* test could not be held "clearly erroneous or contrary to law", the standard of review for magistrate-judge non-dispositive, pre-trial rulings under 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P. 72(a).

4

*Judge's Denial of Motion for Protective Order*, 2003 WL 23009047 (S.D. Ind. 2003); *Kaiser v. Mutual Life Ins. Co. of New York*, 161 F.R.D. 378 (S.D. Ind. 1994).

The Court will follow this authority, rather than *Shelton*, and apply no special threshold criteria for Mr. Vandenberg's deposition. The Court also notes that *Shelton*'s criteria are, most likely, inapplicable because Mr. Vandenberg is not Defendants' current litigation or trial counsel. *See Pamida, Inc. v. E. S. Originals, Inc.*, 281 F.3d 726, 730 (8th Cir. 2002); *Cook*, 2003 WL 23009047, *1.

Alternatively considering the protections afforded under Fed. R. Civ. P. 26(b)(2)(C), Defendants have not shown that the probability that all the information sought from Mr. Vandenberg will be privileged is so high that the deposition clearly will be a waste of time and resources. Mr. Vandenberg's *2014 Declaration* addresses facts regarding the structure, centralized functions, and internal operations of Defendants that could be relevant to Plaintiffs' alter-ego and other allegations. Plaintiffs are entitled, at least, to explore the matters addressed in this declaration. Defendants' assertion that the attorney-client privilege precludes the disclosure of *any and all* information that Mr. Vandenberg acquired during his employment with O.H.S. because he received it in his capacity as General Counsel, (*Motion* at 3), is simply not credible.[4]

---

[4] Even granting Defendants' argument, Plaintiffs would be entitled to explore the assertedly privileged information that Mr. Vandenberg acquired during his employment but nonetheless disclosed in his *2014 Declaration*.

As this Court has ruled in *Phillips, Cook*, and *Kaiser*, Mr. Vandenberg must invoke any privileges or immunities to specific questions at his deposition. If he so invokes, he must answer reasonable circumstantial questions relevant to the application of the privilege or immunity, in order to permit meaningful review in the event that any of the invocations is submitted to the Court. The Court notes that Mr. Vandenberg will be deposed as only a fact witness; Defendants already have designated representatives for Plaintiffs' Rule 30(b)(6) depositions of them.

> The Court repeats the warning that was issued in *Cook*:
>
> While the Court generally will not prohibit such depositions preemptively — absent, as the magistrate judge held, some showing that the impetus behind the deposition request is harassment — the Court will be vigilant in utilizing all available sanctions provisions if, in retrospect, it is apparent that the deponent had so little relevant, non-privileged information that the deposition was no more than a waste of everyone's time.

*Cook*, 2003 WL 23009047, *2. Plaintiffs should be well-confident in the usefulness of taking Mr. Vandenberg's deposition before convening it and they should take appropriate steps to minimize the time and resources expended should their confidence prove unfounded during the deposition.

Plaintiffs argued that Defendants failed to engage in a good-faith attempt to resolve the dispute, as mandated by S.D. Ind. L.R. 37-1(a), and it is apparent that Defendants failed, in their motion, to "include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action", as required by Fed. R. Civ. P. 26(c)(1). Whether a good

faith effort was attempted is also relevant to the award of costs and fees under Fed. R. Civ. P. 37(a)(5), which is applied to motions for protective orders, Fed. R. Civ. P. 26(c)(3). Plaintiffs concede that, at the end of an unrelated telephone conference on the day before Defendants filed their motion, Defendants asked Plaintiffs to withdraw the subpoena for Mr. Vandenberg's deposition because he is Defendants' former counsel and that they attempted to engage in a discussion about the matter. (*Response* at 2.) According to Plaintiffs' counsel, he told Defendants' counsel that he refused to discuss the matter because was unavailable, at that time, to meaningfully engage in a separate meet and confer conference. *Id.* Later that same day, at 4:46 p.m., Defendants' counsel sent an e-mail to Plaintiffs' counsel summarizing their conversations during the conference and included therein a section addressing Mr. Vandenberg's deposition. [Doc. 228-3.] In it, Defendants' counsel advised Plaintiffs' counsel that Defendants intended to move for a protective order, asked Plaintiffs to withdraw the subpoena, asked what information Plaintiffs were seeking from Mr. Vandenberg, and stated that counsel could not imagine any such information that would not be privileged. *Id.* She advised that Defendants would file a motion for protective order the next day unless Plaintiffs agreed to withdraw the subpoena. *Id.* The present motion was filed the next day at 11:47 a.m.

Compliance with the requirements to make an effort to informally resolve discovery disputes before motions are filed obviously means that those efforts must be made in sufficient time and have sufficient content to be meaningful. The effort made by Defendants in this instance skirts the edge of meaningfulness, but, considering the

circumstances of the brief time since Plaintiffs' subpoena was served (May 23, 2015), the fast-approaching discovery deadline of June 30, 2015, and the many other depositions needing to be scheduled and conducted, the Court does not find that Defendants failed to comply.

Plaintiffs requested an award of costs and attorney's fees for responding to Defendants' motion. (*Response* at 4.) Defendants did not respond in their *Reply*. Plaintiffs may file a motion for an award of fees and costs, including an itemization of those fees and costs. Defendants' response thereto will be their opportunity to be heard on, *inter alia*, the issues of substantial justification and any other circumstances making an award unjust. Fed. R. Civ. P. 37(a)(5)(A).

Defendants' *Motion for Protective Order Barring the Deposition of Brian Vandenberg* [doc. 228] is **DENIED**.

**DONE this date:** 06/10/2015

*Denise LaRue*
Denise K. LaRue
United States Magistrate Judge
Southern District of Indiana

Distribution to all ECF-registered counsel of record *via* ECF-generated e-mail.

8