# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF INDIANA,
### INDIANAPOLIS DIVISION

| | |
|---|---|
| **PAIN CENTER OF SE INDIANA, LLC,** *et al.*, | |
| **Plaintiffs,** | |
| *vs.* | **CAUSE NO. 1:13-cv-133-RLY-DKL** |
| **ORIGIN HEALTHCARE SOLUTIONS, LLC,** *et al.*, | |
| **Defendants.** | |

## ENTRY

### *Plaintiffs' Motion for Leave To Depose Defendants* **[doc. 224]**

Plaintiffs move for leave to reopen their Rule 30(b)(6) deposition of Defendants and for an extension of the ordinary time limits for those depositions. The original deposition, conducted on September 15, 2014, was limited to one day of seven hours. In November, 2014, the district judge noted that, "[i]f Plaintiffs require more time to depose Defendants, they should move for leave of court pursuant to Rule 26(b)(2)." [Doc. 155 at 7.] Plaintiffs now so move and Defendants oppose resumption of the original deposition. Defendants do not oppose Plaintiffs' request to conduct a seven-hour Rule 30(b)(6) deposition on Topic 7, pertaining to alter-ego matters, which has been treated by the Court and the parties as separate from the deposition on the other topic areas.

Pursuant to the Court's interim order, [doc. 227], Defendants have disclosed the three representatives they would designate for a resumed deposition and the topic areas

1

for which each would be designated.   [Doc. 229.]   For the original deposition in September, 2014, Defendants had designated five representatives:  Donna Duff, Jeff Bouchard,  Angelo Perrotta, Frank Riccio, and Michael Vesce.  Only two of them — Jeff Bouchard and Frank Riccio — actually were questioned, for a total of six hours and ten minutes.  Defendants have now designated only three representatives:  Mr. Riccio, Mr. Perrotta, and Mr. Vesce.  Mr. Riccio retains his original topic assignments and has assumed the topics originally assigned to Mr. Bouchard and Ms. Duff.  Mr. Perrotta and Mr. Vesce retain their original topic assignments.  Plaintiffs responded to Defendants new designations with their request to depose Frank Riccio for 35 hours, Angelo Perrotta for 7 hours, and Michael Vesce for 7 hours.  [Doc. 231.]  Again, there is no dispute about a deposition of Jeff Kvam for 7 hours on Topic 7.

Fed. R. Civ. P. 30(d) provides that "unless otherwise stipulated or ordered by the court, a deposition is limited to 1 day of 7 hours.  The court must allow additional time consistent with Rule 26(b)(2) if needed to fairly examine the deponent or if the deponent, another person, or any other circumstances impedes or delays the examination."  As the district judge observed, [doc. 155 at 7], the advisory committee's note to the 2000 amendment to this rule states that, "[f]or purpose of this durational limit, the deposition of each person designated under Rule 30(b)(6) should be considered a separate deposition."

After considering the parties' arguments, the Court determines to allow Plaintiffs to  conduct  the  presumptive  1  day  of  7  hours  examination  of  each  designated

representative with the following modifications.  Because Mr. Riccio is now designated to address the topic areas originally assigned to three representatives, and considering the number and nature of those topic areas, a presumptive three days of 7 hours each would ordinarily be allowed for his examination.  However, the Court agrees with Defendants that Ms. Duff's originally assigned Topics 2 and 8 largely have been answered by Defendants' documents production and that any remaining areas of examination (that either were not addressed by the documents or relate to the produced documents) warrant only a fraction of a day of examination.  In addition, Plaintiffs already conducted 6 hours and 10 minutes of examination during the original deposition regarding the topic areas now assigned to Mr. Riccio, and that time should be accounted for on the resumed deposition.  Finally, review of the transcript of the original deposition, [doc. 130-1], discloses that Plaintiffs' counsel arrived late to the original deposition, further caused a later start to the deposition due to his misreading of the Court's time limitation for the deposition, and failed to conduct the remaining approximately 1 hour of questioning due, at least in part, to not having a replacement court reporter available.

Therefore, the Court grants leave to Plaintiffs to conduct a maximum of **(1)** 2 days, of 7 hours each, of examination of Frank Rizzio; **(2)** 1 day of 7 hours of examination of Angelo Perrotta; and **(3)** 1 day of 7 hours of examination of Michael Vesce.

The Court makes the following admonitions.  **First**, these time limitations are two-fold, by day and by hours, absent agreement by the parties.  For example, Mr. Perrotta may be examined for a maximum of 7 hours and those 7 hours must be accomplished in

1 sitting, *i.e.*, Plaintiffs may not decide unilaterally to suspend questioning after less than 7 hours on one day and then complete the remaining hours of questioning on another day. Plaintiffs must take care to make the necessary arrangements, *e.g.*, for court reporters, to accomplish examination in one sitting. The admonition given in a previous order of this Court is worth repeating: "there is no substitute for precise, focused questioning and straightforward responses." *Harris v. Miracle Appearance Reconditioning Specialists Internat'l, Inc.*, No. 1:07-cv-681-LJM-TAB, *Order on Plaintiffs' Motion for Expedited Leave To Take Extended Depositions*, 2007 WL 2749434 (S.D. Ind., Sept. 20, 2007).

**Second**, any cross-examination by Defendants or re-direct examination by Plaintiffs — limited to the subjects addressed in cross-examination — will not be counted against these time limits.

**Third**, the Court reminds Defendants' counsel that they may instruct a witness to not answer a question "only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3)." Fed. R. Civ. P. 30(c)(2). Instructions not to answer because questions seek information beyond what counsel believes is the scope of a topic assigned to the witness are not proper instructions, unless counsel pursues a motion under Rule 30(d)(3) because the questioning is also "being conducted in bad faith or in a manner that unreasonably annoys, embarrasses, or oppresses the deponent or party", Rule 30(d)(3)(A). Plaintiffs' counsel is reminded that examination of a representative beyond his designated topics will not result in testimony chargeable to a defendant, may not result in information usable for any other purpose,

and could be construed as an attempt to conduct a fact deposition which might merit an order *in limine* under Rule 30(d)(3)(B), with attendant award of expenses under Rule 30(d)(3)(C) and/or other sanctions.  Counsel may telephonically contact this magistrate judge's chambers if rulings are required under Rule 30(d)(3).

**Fourth**, counsel should not give too narrow an interpretation to previous limitations imposed by the Court.  For example, the Court's limit on identification of Defendants' shareholders resolved a dispute about a discrete discovery request particularly seeking a list of Defendants' shareholders.  It was not a ruling that identification of individuals for independently sufficient reasons was barred because the individuals also happen to be, or to have been, shareholders in one of the defendant entities.  For example, a question to identify a deponent-employee's supervisors, supervisees, or colleagues, if relevant as background or for another reason, is not prohibited by the Court's previous ruling.

**Fifth**, counsel should not give too narrow an interpretation to the topic areas noticed for the deposition because there might be legitimate overlap among the categories.  For example, the subject of "marketing, sales, and promotion of 'Practice Manager' and 'Emrge' Software" in Topic 1e could include the training of Defendants' sales personnel in marketing the subject software, despite the fact that the topic of "training" is listed in Topics 1g and 9.  While this specific scope objection is not likely to recur now that Mr. Rizzio is designated for all of these topics, it is an example of the

overly strict interpretations, and resulting time spent on objections, that the Court expects the parties to avoid.

**Sixth**, while the Court understands that Plaintiffs' counsel agreed to examine Defendants' representatives individually, despite the Court's order that Defendants make them available at the same time, the Court encourages Plaintiffs' counsel to reconsider whether having all three representatives present together would make Plaintiffs' examinations more efficient by avoiding delays due to scope issues.

Defendants' request for Plaintiff to pay Defendants' counsel's costs and attorney's fees to attend is denied.

*Plaintiffs' Motion for Leave To Depose Defendants* [doc. 224] is **GRANTED in part and DENIED in part** as set forth herein.

**SO ORDERED this date:** 06/11/2015


Denise K. LaRue
United States Magistrate Judge
Southern District of Indiana

Distribution to all ECF-registered counsel of record *via* ECF-generated e-mail.

6