UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| PAIN CENTER OF SE INDIANA, LLC; INDIANA PAIN MEDICINE AND REHABILITATION CENTER, P.C.; and ANTHONY ALEXANDER, M.D., <br><br>  Plaintiffs, <br><br> vs. <br><br> ORIGIN HEALTHCARE SOLUTIONS LLC; SSIMED (d/b/a SSIMED Holding, LLC); ORIGIN HOLDINGS, INC., a Delaware Corporation; JOHN DOES (1–50) inclusive; and JOHN DOES (1–100) inclusive, <br><br>  Defendants. | 1:13-cv-00133-RLY-DKL |

**ENTRY ON PLAINTIFFS' OBJECTION TO THE MAGISTRATE JUDGE'S MAY 8, 2015 ENTRY**

Plaintiffs, the Pain Center of SE Indiana, LLC, the Indiana Pain Medicine and Rehabilitation Center, P.C., and Anthony Alexander, M.D., brought this lawsuit against Defendants, SSIMED, d/b/a SSIMED Holding, LLC, Origin Healthcare Solutions, LLC, and Origin Holdings, Inc., alleging various counts of fraud and breach of contract. Plaintiffs now object to the Magistrate Judge's resolution (Filing No. 222 (hereinafter "May 8 Entry")) of several discovery disputes raised in Plaintiffs' Motion to Compel (Filing No. 205) concerning Defendants' responses to interrogatories and the resumption

1

of two fact depositions.  For the reasons stated below, the court **OVERRULES in part** Plaintiffs' objections and **AFFIRMS in part** the Magistrate Judge's Entry.

## I.     Background

On February 13, 2015, Plaintiffs filed a Motion to Compel the Defendants to Provide Sufficient Answers to Plaintiffs' First Set of Interrogatories, Redeposition of Mrs. Demetria Hilton [Pierce] and Remainder of Mrs. Joy Deckard's Deposition.  On May 8, 2015, the Magistrate Judge granted in part, and denied in part, Plaintiffs' Motion to Compel.  Specifically, the Magistrate Judge denied Plaintiffs' motion to compel responses to Interrogatory Nos. 18 and 21, and denied Plaintiffs' motion to compel the depositions of Demetria Hilton Pierce and Joy Deckard.  Plaintiffs object to these rulings.  Plaintiffs also assign error because the Magistrate Judge did not address Plaintiffs' belated request for attorney's fees.

## II.    Standard of Review

A magistrate judge has broad discretion over matters of discovery.  *Jones v. City of Elkhart*, 737 F.3d 1107, 1115–16 (7th Cir. 2013).  The district court reviews non-dispositive discovery decisions of a magistrate judge for clear error.  *Domanus v. Lewicki*, 742 F.3d 290, 295 (7th Cir. 2014) (citation omitted); Fed. R. Civ. P. 72(a).  In short, the court will not upset a magistrate judge's decision unless it runs contrary to law or leaves the court with a definite and firm conviction that the magistrate judge made a mistake.  *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 943 (7th Cir. 1997).

**III. Discussion**

    **A.    Interrogatory No. 18**

Plaintiffs' Interrogatories numbered 12 through 18 sought the "actual dollar amount of claims and number of claims" captured within, submitted to, and submitted out of the "Client Center" for years 2003 through 2012. As the Magistrate Judge notes, the Client Center serves as the means by which customers (*i.e.* Plaintiffs) and Defendants communicate claims data. The Magistrate Judge deciphered the process as follows:

> (1) using Defendants' software and the client center, customers enter data for claims to be submitted to carriers; (2) customers create a daily "closing file" compiling that day's claims data for submission; (3) Defendants extract the claims data from the closing file and submit the claims to the carriers; (4) carriers transmit to Defendants "acknowledgments" for each claim that notify whether the claim was approved or denied, and the reasons for the denial; and (5) Defendants transmit the acknowledgments to the customer's client center.

(May 8 Entry at 12). The court relies on the Magistrate Judge's best guess as to the information Plaintiffs seek:

> (1) claims that customers created for submission to carriers by using the subject software and client center, and by the generation of closing files; (2) claims that Defendants submitted to carriers through extraction from customers' closing files; and (3) claims that were denied by carriers, as reflected in acknowledgements from carriers that were transmitted by Defendants to customers' client centers.

(*Id.* at 14).

Defendants made primarily boilerplate objections to Interrogatories 12 through 18 and simply referred Plaintiffs to information either previously produced or available to Plaintiffs through the Client Center.

3

In their Motion to Compel, Plaintiffs cite the obvious distinction between Interrogatories 17 and 18 and baldly asserted that the latter "is relevant to Defendants' responsibilities to track pending claims in the client center for its customers as well as the processing of these claims." (Filing No. 206 at 6; *see also* Filing No. 214 at 7 (adding that "the Client Center is substantially relevant to the problems experienced by Plaintiffs")). Responding in bulk to Interrogatories 13 through 18, Defendants highlighted the availability of the sought information through Plaintiffs' Client Center and documents previously produced.

The Magistrate Judge granted Plaintiffs' motion as to Interrogatories 12 through 17 and denied it as to Interrogatory 18. Interrogatory 17 requests "the actual dollar amount of claims and number of claims submitted out of the . . . Client Center by year to the payers by Plaintiffs." Interrogatory 18 contains identical language save for the "by year" qualification. The Magistrate Judge found Plaintiffs' arguments with regard to Interrogatory 18 unpersuasive because, she explained, Plaintiffs can simply total the annual sums provided in response to Interrogatory 17 to generate the number sought in Interrogatory 18.

Plaintiffs now assign error on grounds that the Magistrate Judge mischaracterized the interrogatory as unnecessarily duplicative.[1] When reviewing a non-dispositive matter

---

[1] Plaintiffs also suggest the Magistrate Judge made this observation absent any argument on the issue from Defendants. The court disagrees. In opposition to Plaintiffs' motion, Defendants argued that interrogatories 13 through 18 sought information already available in documents previously produced and through the Client Center. (*See* Filing No. 207 at 5). In other words, Defendants considered all six interrogatories duplicative. The Magistrate Judge

4

for clear error, the court considers only arguments and issues put forth before the Magistrate Judge. *Murray v. Nationwide Better Health*, No. 10–3262, 2011 WL 2516909, at *2 (C.D. Ill. June 24, 2011) (citations omitted).

As noted above, Plaintiffs' Motion to Compel merely declared the relevance of the information sought in Interrogatory 18. (*See* Filing No. 206 at 6; Filing No. 214 at 7). The Magistrate Judge did not doubt its relevance; rather, she observed Plaintiffs' failure to articulate why the use of arithmetic to derive such information from Interrogatory 17 does not suffice. Only now on objection do Plaintiffs attempt to defend the significance of a separate response to Interrogatory 18. They suggest that any difference between a response to Interrogatory 18 and the sum of annual figures in response to Interrogatory 17, should it exist, implicates the accuracy and success of claim submissions. This might begin to support Plaintiffs' Motion to Compel, but it decidedly fails to show clear error. Rule 72(a) does not contemplate a second bite at the apple; an objecting party must show that the magistrate judge clearly erred or misapplied the law. Based on the information presented before the Magistrate Judge, the court finds no hint of either faults. This objection is **OVERRULED**.

---

largely disagreed with Defendants except as to Interrogatory 18, which, in light of Federal Rule of Civil Procedure 26(b)(2)(C), was well within her discretion to limit.

5

### B. Interrogatory 21

For similar reasons, Plaintiffs' objection to the ruling on Interrogatory 21 fails. This interrogatory asks Defendants to list their competitors. Defendants objected on grounds that it was vague, overbroad, and without any relevant connection to Plaintiffs' claims.

In support of their Motion to Compel, Plaintiffs asserted that such information "is clearly relevant to their motives and Plaintiffs [sic] claims of fraud and breach of contract." (Filing No. 206 at 6). Defendants responded that Plaintiffs failed to define "competitors" or identify what motives are at issue and how such information relates to Plaintiffs' claims of fraud or breach of contract. In reply, Plaintiffs offered little more than recycled conclusory assertions.

Denying the Motion to Compel a response to Interrogatory 21, the Magistrate Judge observed the following:

> "If the information sought is 'clearly relevant,' as Plaintiffs repeat, and Defendants' product 'positioning' is fundamental, then it should have [been] easy for Plaintiffs to make the showing. The relevance of the requested information is not clear. The court will not make the explanations or draw the connections for Plaintiffs; it will not litigate this case for them."

(May 8 Entry at 19). On objection, Plaintiffs acknowledge the inadequacy of their briefs but nevertheless conclude that the Magistrate Judge clearly erred. In support, they take another bite at the apple:

> However, Plaintiffs allege Defendants misrepresented the quality of their services and software as compared to their perceived competitors. This is generally the case when sales representatives position any product. For example, if Defendants represented their competitors were extremely large,

6

this could bear on the representations sales representatives made about Defendants' capabilities.

(Filing No. 225 at 4). Again, Plaintiffs may not avail themselves of Rule 72(a) to develop arguments they neglected to make before the Magistrate Judge. *See Murray*, 2011 WL 2516909, at *2. This objection is **OVERRULED**.

### C. Deposition of Demetria Hilton Pierce

In their motion, Plaintiffs also moved to compel the remainder of Demetria Hilton Pierce's deposition. Defendants subpoenaed Ms. Pierce, a former employee of Plaintiffs, to testify as a nonparty fact witness on November 8, 2015. Plaintiffs contend that Ms. Pierce's refusal to answer entire lines of questioning and otherwise petulant behavior obstructed the ability of Plaintiffs' counsel to cross-examine her. Plaintiffs describe their request as "seek[ing] leave for permission to finish their cross-examination of Ms. Pierce." (Filing No. 214 at 10). The Magistrate Judge shared Plaintiffs' concern with Ms. Pierce's behavior but denied the motion on grounds that the court lacked jurisdiction to compel Ms. Pierce to submit to another deposition.[2]

---

[2] The court interprets as much from the following:

> While the Court is concerned about Ms. Pierce's refusals to answer . . . , she is not before the court and has not been heard regarding Plaintiffs' motion. Moreover, the Court cannot compel anything from Defendants that will answer any of Plaintiffs' complaints because Ms. Pierce is not under their control and there is no suggestion that Defendants are responsible for any of Ms. Pierce's conduct. . . . Ms. Pierce was under subpoena by Defendants and Defendants do not seek to reconvene her deposition.

(May 8 Entry at 24).

When a deponent fails to answer questions, Federal Rule of Civil Procedure 37(a)(3) permits the party seeking answers to move for a court order compelling those answers. The moving party "may complete or adjourn the examination before moving for an order." Fed. R. Civ. P. 37(a)(3)(C). This rule, however, presumes the court's jurisdiction over the deponent either as a party to the litigation or by way of subpoena issued under Rule 45. *Bueker v. Atchison, Topeka and Santa Fe Ry. Co.*, 175 F.R.D. 291, 292 (N.D. Ill. 1997).

The party seeking to compel answers need not be the party to issue the subpoena, as Defendants asserted. The court has jurisdiction over the parties in this case and therefore over persons the parties properly subpoena. Ms. Pierce appeared at her deposition pursuant to a subpoena issued by Defendants, bringing Ms. Pierce within the court's jurisdiction to compel compliance. Defendants do not dispute that Ms. Pierce obstructed the ability of Plaintiffs' counsel to cross-examine her. The Magistrate Judge, therefore, had jurisdiction to compel Ms. Pierce to submit to further questioning on cross-examination.[3] *See Becker v. Porter Cnty. Sheriff's Dept.*, No. 2:06-cv-350-JVB, 2008 WL 2333142, at *2 (N.D. Ind. June 3, 2008) (granting Rule 37 motion to compel

---

[3] In light of Ms. Pierce's assertions of privilege and potential issues of timing and relevance, the court reiterates the discretion afforded to the Magistrate Judge when crafting a ruling on Plaintiffs' request. *See Jones*, 737 F.3d at 1115–16; *see also* Fed. R. Civ. P. 26(b)(2)(C); *Linear Grp. Servs. v. Attica Automation, Inc.*, No. 13-10108, 2014 WL 1584214, at *4 (E.D. Mich. Apr. 21, 2014) (questioning why movant waited several weeks after terminated deposition to move to compel answers); 8B Charles Alan Wright et al., *Federal Practice and Procedure* § 2285 (3d ed. 2010 & Supp. 2015) (suggesting that significant delay between a discovery grievance and the filing of a motion to compel undermines the importance of discovery sought). The court also notes that if Plaintiffs seek to depose Ms. Pierce beyond the questions asked and not answered on cross-examination, they need to seek leave and issue a subpoena pursuant to Rules 30 and 45.

deponent to answer the questions she refused to answer during deposition). Accordingly, to the extent the Magistrate Judge ruled that she lacked jurisdiction to compel Ms. Pierce to submit to further questioning, that ruling is **VACATED**. The court remands the issue of Ms. Pierce's deposition for reconsideration.

### D. Deposition of Joy Deckard

Ms. Deckard, a former employee of Defendants, appeared for a deposition on December 4, 2014, pursuant to Plaintiffs' subpoena. Plaintiffs' counsel, Volney Brand, conducted the deposition at the offices of his co-counsel in Columbus, Indiana. (*See* Filing No. 205-3). Mr. Brand concluded the deposition, however, before he finished questioning Ms. Deckard. In their Motion to Compel, Plaintiffs sought to finish Ms. Deckard's deposition, arguing "[t]he record is very clear that the weather was poor on the day of the deposition." (Filing No. 206 at 9). The Magistrate Judge denied Plaintiffs' motion, finding that they terminated the deposition and failed to show good cause as to why Ms. Deckard should have to submit to another deposition.

Absent a stipulation or court order to the contrary, a deposition is limited to "1 day of seven hours." Fed. R. Civ. P. 30(d)(1). If circumstances impede or delay the examination, the court must allow additional time to complete the deposition consistent with Rule 26(b)(2). *Id.* "The party seeking a court order to extend the examination, or otherwise alter the limitations, is expected to show good cause to justify such an order." Fed. R. Civ. P. 30(d) advisory committee's note (2000 Amendment). But a party seeking to take a second deposition of a witness must first obtain leave of court. Fed. R. Civ. P. 30(a)(2)(A)(ii).

9

The record reflects that, at some point during Ms. Deckard's deposition, Mr. Brand's co-counsel interrupted and said, "It's time to wrap it up." Immediately thereafter, Mr. Brand stated, "Okay. We're going to have to continue this another day." Ms. Anderson objected and reminded Mr. Brand that he would need to seek a court order to continue the deposition beyond one seven-hour day. Mr. Brand responded, "You don't have to stipulate to it," and asked Ms. Deckard if she was prepared to continue the deposition. Ms. Anderson interjected to inform Ms. Deckard that, under the Federal Rules of Civil Procedure, she need not submit to another day of questioning absent a court order. Mr. Brand proceeded to accuse Ms. Anderson of improperly coaching Ms. Deckard. Then, strangely, Mr. Brand insisted he meant to ask Ms. Deckard if she was prepared to continue the deposition *that day*—an insincere proposition, seeing as Mr. Brand halted his questioning to contemplate continuing it "another day." In any event, Ms. Deckard stated repeatedly that she preferred to finish the deposition rather than return another day.

The issue of weather did not enter the exchange until Ms. Deckard, when asked if she had a time limit, responded, "No, as long as we don't get sleet." Mr. Brand then sought to conclude the deposition on account of Ms. Deckard's concern with the weather, even though she clarified that she wanted to finish so long as the temperature remained above freezing. Only then did Mr. Brand cite his own concern, declaring, "I'm not going to subject myself to poor weather conditions simply because you've been coached by defense lawyer. I'm done with this deposition. I'll re-notice it as a result of the weather conditions." (Filing No. 205-3 at 8).

Mr. Brand's asserted concern with weather conditions did not persuade the Magistrate Judge. She noted Plaintiffs' failure to submit as much as an affidavit to establish good cause to compel Ms. Deckard's return, and Plaintiffs do no better on objection. Nor did the Magistrate Judge detect impropriety in Ms. Anderson's interjections. The court agrees. Ms. Anderson interjected not to coach or instruct Ms. Deckard on a substantive question but to inform her of the parameters of the deposition as set forth in Rule 30(d). Such an exchange is akin to conferring with a deponent during a recess and does not interfere with the fact-finding purpose of a deposition. *See, e.g.*, *Murray v. Nationwide Better Health*, No. 10-3262, 2012 WL 3683397, at *4–5 (C.D. Ill. Aug. 24, 2012) (vacating magistrate judge's absolute prohibition on attorney-client conferences during depositions and approving of conferences during breaks or to determine whether to assert privilege).

Plaintiffs also object to the following language in the Magistrate Judge's ruling:

> [I]f Plaintiffs wish to depose Ms. Deckard for the number of hours that remain of the seven-hour limit, *and* if Ms. Deckard *and* Defendants are willing, then the deposition may be reconvened. However, Defendants may require Plaintiffs to pay, in advance, Defendants' counsels' fees, costs, and expenses to attend the deposition. If Ms. Deckard's deposition is reconvened, then it shall be treated as a new deposition, except for the time limit, which shall be the remaining of the seven-hour limit when Plaintiffs' counsel terminated the deposition.

(May 8 Entry at 29). Plaintiffs advance the perplexing argument that the Magistrate Judge awarded Defendants more relief than they sought. (Filing No. 225 at 5). Plaintiffs moved to compel, not Defendants. Plaintiffs did not seek leave to notice a new deposition, and they have failed to establish good cause to compel additional time for Ms.

Deckard's deposition. Simply put, Plaintiffs are entitled to nothing and thus the Magistrate Judge ordered nothing. She merely stated the obvious: the parties may agree to continue the deposition. Should the parties so agree, the Magistrate Judge limited the deposition to the balance of time provided for under Rule 30(d). Plaintiffs' objection is **OVERRULED**.

### E. Attorney's Fees and Costs

Lastly, Plaintiffs object on grounds that the Magistrate Judge did not acknowledge Plaintiffs' belated request for attorney's fees. Federal Rule of Civil Procedure 37(a)(5)(A) provides that when a court grants a motion to compel, it must require the non-moving party, after having an opportunity to be heard, to pay the reasonable expenses the movant incurred in making the motion.

Plaintiffs first requested attorney's fees in their reply brief, and, because Defendants had no opportunity to respond, the Magistrate Judge was entitled to disregard the belated request. *See Narducci v. Moore*, 572 F.3d 313, 324 (7th Cir. 2009) (citation omitted) ("[T]he district court is entitled to find that an argument raised for the first time in a reply brief is forfeited."). Plaintiffs point to no clear error or misapplication of law but claim that it is inequitable to consider Defendants' argument for fees, which they properly made in their opposition brief, (*see* Filing No. 207 at 8–9), without considering Plaintiffs' belated request. The court disagrees. Any alleged inequity would stem from Magistrate Judge's ruling regarding fees, not the arguments properly put before her for consideration. The parties, not the Magistrate Judge, bear responsibility for what arguments are presented and therefore considered in support of a motion. And, as

12

Plaintiffs acknowledge, the Magistrate Judge has not yet ruled on the issue. Because Plaintiffs have failed to show clear error, this objection is **OVERRULED**.

### IV. Conclusion

For the foregoing reasons, Plaintiffs' Objection (Filing No. 225) is **OVERRULED in part** and the Magistrate Judge's Entry and Order (Filing No. 222) is **AFFIRMED in part**.

**SO ORDERED** this 28th day of July 2015.

_____
RICHARD L. YOUNG, CHIEF JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.