UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| PAIN CENTER OF SE INDIANA, LLC; INDIANA PAIN MEDICINE AND REHABILITATION CENTER, P.C.; and ANTHONY ALEXANDER, M.D., <br><br> Plaintiffs, <br><br> vs. <br><br> ORIGIN HEALTHCARE SOLUTIONS LLC; SSIMED (d/b/a SSIMED Holding, LLC); ORIGIN HOLDINGS, INC., a Delaware Corporation; JOHN DOES (1–50) inclusive; and JOHN DOES (1–100) inclusive, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) 1:13-cv-00133-RLY-DKL |

**ENTRY ON PLAINTIFFS' RENEWED MOTION FOR SANCTIONS AND RENEWED PETITION TO HOLD DEFENDANTS IN CONTEMPT**

Plaintiffs, the Pain Center of SE Indiana, LLC, the Indiana Pain Medicine and Rehabilitation Center, P.C., and Anthony Alexander, M.D., once again move for sanctions and an order of contempt against Defendants, SSIMED, d/b/a SSIMED Holding, LLC, Origin Healthcare Solutions, LLC, and Origin Holdings, Inc, pursuant to Federal Rule of Civil Procedure 37. For reasons set forth below, both motions are **DENIED**.

Plaintiffs first moved for sanctions and a contempt order on September 3, 2014, in response to Defendants' objection to the Magistrate Judge's July 25, 2014 Entry ordering

1

Defendants to produce the so-called "alter ego" discovery. The requests for production at issue seek documents concerning, *inter alia*, ownership interests in Defendant entities and the extent to which those entities operate together. The Magistrate Judge denied both of Plaintiffs' motions (Filing Nos. 113 and 116) as premature. (*See* Filing No. 134). Plaintiffs filed an objection to the Magistrate Judge's ruling to the extent it denied their request for sanctions. The court overruled Plaintiffs' objection on March 12, 2015. For the sake of ease, the court relies upon its March 12 Entry for procedural background concerning this dispute:

> Plaintiffs argued that Defendants purposefully and in bad faith obstructed Plaintiffs' efforts to conduct discovery. The dispute boiled over when, on August 28, 2014, Defendants filed a belated Objection (Filing No. 112) to the Magistrate Judge's July 25, 2014 Entry (Filing No. 107). (*See* Filing No. 154 at 6). The July 25 Entry ordered Defendants to respond to alter ego requests but did not specify a deadline for production. On August 22, the Magistrate Judge ordered Defendants to comply with the July 25 Entry by August 28, the day Defendants filed their Objection. Plaintiffs filed the Motion for Sanctions (Filing No. 116) approximately one week later and months before the court ruled on Defendants' Objection. In its ruling, the court observed Defendants' noncompliance with Rule 72's fourteen-day deadline but ultimately overruled the Objection on substantive grounds. (Filing No. 154 at 5–6). Notably, the court made no finding as to whether Defendants acted in bad faith or whether their late Objection prejudiced Plaintiffs. (*See id.*).
>
> Before the Magistrate Judge, Plaintiffs requested sanctions for Defendants' alleged "willful and repeated failure to comply with discovery orders." (Filing No. 116 at 6). They colorfully described Defendants' conduct as "sandbagging" and "playing by their own discovery rules" and "hiding behind the guise of an [objection]." (*Id.*). Plaintiffs then concluded that Defendants' conduct "robbed Plaintiffs of time, resources, and documents [they] should have long since had . . . ." (*Id.*).
>
> Denying Plaintiffs' Motion, the Magistrate Judge concluded that "[t]here is no indication in Plaintiffs' recitation of the facts that Defendants failed to meet response deadlines in bad faith or as part of a campaign of

> obstruction and delay." (Filing No. 134 at 2). The only disputable failure to obey a discovery order occurred on August 28, when Defendants filed their Objection rather than produce documents in accordance with the July 25 and August 22 entries. On this point, the Magistrate Judge simply disagreed with Plaintiffs' description of events. Having worked closely with the parties throughout the discovery process, she found no bad faith or intentional obstructionism.[1] (*See* Filing No. 134 at 4–5). Moreover, she noted that because the issue of timeliness—and therefore potentially sanctionable conduct—was before the court on Defendants' Objection, Plaintiffs' Motion for Sanctions was premature. (*Id.* at 4). Accordingly, and quite sensibly, the Magistrate Judge denied the Motion.

(Filing No. 216 at 2–3).

Rule 37(b)(2)(A) grants the court broad discretion to sanction parties who fail to comply with discovery orders. *See Shine v. Owens-Illinois, Inc.*, 979 F.2d 93, 96 (7th Cir. 1992) ("Indeed, because the district court is in the best position to determine whether a party has complied with discovery orders, its discretion 'is especially broad.'"). The court, for example, may stay the proceedings until the offending party cooperates or, in extreme cases, enter default judgment or dismiss the case. Fed. R. Civ. P. 37(b)(2)(A)(i)–(vii). If the court finds noncompliance, it "must order the disobedient party . . . to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Rule 37(b)(2)(C).

---

[1] The Magistrate Judge appeared to accept that the lack of a production deadline in the July 25 Entry created some ambiguity. Although the court determined that Defendants' filed an untimely objection, (*See* Filing No. 154 at 6), this fact did not preclude the Magistrate Judge from finding sanctions to be unwarranted.

Plaintiffs seek sanctions and an order of contempt for Defendants' alleged failure to produce documents responsive to the requests outlined in the Magistrate Judge's July 25 Entry. (Filing No. 171 at 6). Beneath the hyperbole and naked assertions unsupported by citations to the record, Plaintiffs plainly ask the court to punish Defendants for their last-ditch effort to challenge the alter ego requests for production. Plaintiffs hang their hat on the court's finding that Defendants filed their Objection to the July 25 Entry at least two weeks late. (*See* Filing No. 154 at 6). As noted above, the court declined to overrule Defendants' objection on this ground and instead overruled on substantive grounds, finding Defendants' cries of burden and overbreadth unpersuasive. Denying Plaintiffs' first Motion for Sanctions and Petition to Hold Defendants in Contempt, the Magistrate Judge did not find bad faith or obstructive tactics on the part of Defendants. Having reviewed the parties' briefs, the court agrees with this finding. Although Defendants' arguments in support of their objection to the July 25 Entry were not persuasive, the court did not find them frivolous. Moreover, the absence of a hard production deadline in the July 25 Entry satisfies the court that the circumstances do not warrant the imposition of sanctions.

## Conclusion

For the foregoing reasons, Plaintiffs' Renewed Motion for Sanctions (Filing No. 170) and Renewed Petition to Hold Defendants' in Contempt (Filing No. 172) are **DENIED**.

**SO ORDERED** this 16th day of September 2015.

_____
RICHARD L. YOUNG, CHIEF JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.