UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| PAIN CENTER OF SE INDIANA, LLC; INDIANA PAIN MEDICINE AND REHABILITATION CENTER, P.C.; and ANTHONY ALEXANDER, M.D., | ) ) ) ) ) | |
| Plaintiffs, | ) ) | 1:13-cv-00133-RLY-DKL |
| vs. | ) ) ) | |
| ORIGIN HEALTHCARE SOLUTIONS LLC; SSIMED (d/b/a SSIMED Holding, LLC); ORIGIN HOLDINGS, INC., a Delaware Corporation; JOHN DOES (1–50) inclusive; and JOHN DOES (1–100) inclusive, | ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**ENTRY ON DEFENDANTS' MOTION FOR CONTEMPT AND SANCTIONS FOR PLAINTIFFS' FAILURE TO APPEAR AT 30(b)(6) DEPOSITION ON DECEMBER 15, 2014**

Defendants, SSIMED, d/b/a SSIMED Holding, LLC, Origin Healthcare Solutions, LLC, and Origin Holdings, Inc., move for sanctions and an order of contempt against Plaintiffs, the Pain Center of SE Indiana, LLC, the Indiana Pain Medicine and Rehabilitation Center, P.C., and Anthony Alexander, M.D., for failing to appear at a Rule 30(b)(6) deposition of Plaintiff entities scheduled for December 15, 2014. For reasons set forth below, Defendants' motion is **GRANTED in part** and **DENIED in part**.

1

**I.     Background**

The court has discerned, to the best of its ability, the following relevant facts from the parties' briefs[1]:

(1) On October 31, 2014, the Magistrate Judge outlined a protocol to facilitate the efficient scheduling of remaining depositions.  (*See* Filing No. 145 at 13–16).  The protocol set forth as follows, in relevant part:

(a) Each of Defendants' subpoenaed and noticed depositions were to occur no later than December 31, 2014.

(b) On November 7, 2014, Defendants were to initiate a good-faith discussion with Plaintiffs to resolve any remaining scheduling conflicts, after which the parties were to communicate to the Magistrate Judge the resolutions achieved and discussions concerning any depositions then still unscheduled.

(c) Parties were to continue daily discussions until they reached agreement on the schedule of all depositions.

(d) Defendants were to promptly file a joint stipulation and proposed order for each agreed upon deposition.

---

[1]     Plaintiffs' response brief lacks supporting documentation or meaningful citations to the record.  Thus, the court relies significantly upon Defendants' recitation of the events leading up to December 15, 2014, as properly supported in their briefs.

  (e)  On November 14, 2014, the parties were to have all depositions scheduled and, if scheduling disputes remained unresolved, to indicate as much in a joint notice to the Magistrate Judge.

  (f)  In a final note, the Magistrate Judge reminded the parties that "[no] deposition that has been scheduled shall be modified or canceled absent an order of the Court or agreement of all parties. Counsel are specifically instructed that no objection, proposal, request, inquiry, or communication of any kind . . . and no court filing or informal communication to the Court will . . . justify counsel's or a witness's failure to appear for and proceed with a scheduled deposition, absent agreement of all parties or an order of the Court."

(2) Following a pretrial conference with the parties on November 14, 2014, the Magistrate Judge ordered that "the combined Rule 30(b)(6) deposition of the two [P]laintiff entities shall occur during the first or third week of December 2014." The Magistrate Judge further instructed the parties and their counsel "to cooperate in good faith to schedule these depositions . . . ." The Magistrate Judge acknowledged the representation made by Plaintiffs' counsel, Volney Brand, that his availability was limited to three days during the first week of December and three days during the third week of December. (Filing No. 151 at 3–4).

(3) On the evening of November 14, Defendants' counsel, Michele Anderson, emailed Mr. Brand to schedule, *inter alia*, the Rule 30(b)(6) deposition of

Plaintiff entities. Ms. Anderson stated her preference to conduct the Rule 30(b)(6) deposition on December 15 (the third Monday in December) and asked that Mr. Brand confirm whether December 15 in Columbus, Indiana, worked for him. (*See* Filing No. 162-1 at 1).

(4) On November 19, having received no response from Mr. Brand, Ms. Anderson noticed the deposition of Plaintiff entities for December 15. (*See* Filing No. 162-2).

(5) Mr. Brand and Ms. Anderson conferred on December 3 and exchanged emails memorializing their discussion. Mr. Brand first emailed Ms. Anderson, stating that his "client's [sic] object to the dates related to the subpoenas [she] propose[d] but plan on submitting each deponent for depos beginning wednesday [sic] of the third week this month." (Filing No. 162-4 at 2). He also stated that Dr. Alexander intended to submit to the Rule 30(b)(6) deposition on Saturday, December 20. Ms. Anderson explained that she chose the December 15 date pursuant to the Magistrate Judge's November 14 Order because she received no response to her November 14 email. (*Id.* at 1). Ms. Anderson further clarified that she was not available to depose Plaintiff entities on December 20 and, accordingly, she would not modify the deposition notice to reflect as much. (*Id.*). In an apparent effort to compromise, Ms. Anderson offered to conduct the deposition on

December 22, 29, or 30 beginning at 9:30 a.m. in her Indianapolis office.[2] She stated that she would issue an amended notice if Mr. Brand agreed to any of the alternative dates. Mr. Brand never responded to this offer in Ms. Anderson's December 3 email and did not appear with his client at the Rule 30(b)(6) deposition on December 15.

## II.    Discussion

### A.    Sanctions

Defendants argue that because Plaintiffs failed to move for a protective order or obtain the agreement of Defendants, Plaintiffs' failure to appear at the properly noticed Rule 30(b)(6) deposition warrants the imposition of sanctions and an order of contempt. Plaintiffs counter that because no court order set the deposition for December 15, Defendants had no grounds to anticipate the appearance of Plaintiffs or their counsel.

Local Rule 30–1(d) requires that attorneys "make a good faith effort to schedule depositions in a manner that avoids scheduling conflicts." It further orders the scheduling party to provide notice to other parties no less than fourteen days prior to the deposition date. S.D. Ind. L.R. 30–1(d). When a party receives proper notice of its deposition, only a pending motion for a protective order will excuse it from appearing pursuant to the notice. *Odongo v. City of Indianapolis*, No. 1:14-cv-710, 2015 WL 1188769, at *2 (S.D. Ind. Mar. 13, 2015); Fed. R. Civ. P. 37(d)(2).

---

[2]    The parties appeared to reach agreement for the remaining fact depositions to occur on December 17, 18, and 19.

When a party fails to appear at its properly noticed Rule 30(b)(6) deposition, the court may, on motion, order sanctions against the offending party. Fed. R. Civ. P. 37(d)(1)(A)(i). When crafting appropriate sanctions, the court may look to those available under Rule 37(b)(2)(A). Fed. R. Civ. P. 37(d)(3). The court enjoys broad discretion when deciding whether to award sanctions under Rule 37. *Shine v. Owens-Illinois, Inc.*, 979 F.2d 93, 96 (7th Cir. 1992) (citations omitted). The court must, however, "require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees . . . , unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3).

In opposing Defendants' motion, Plaintiffs display fundamental misunderstandings of the Magistrate Judge's October 31 and November 14 rulings and the Federal Rules of Civil Procedure. First, Plaintiffs claim they "made clear that both Plaintiffs' counsel and the corporate representative would arrange their schedules in accordance with the Court's [November 14] Order so that the 30(b)(6) deposition would occur on Saturday, December 20, 2014." (Response at 4). Nothing in the November 14 Order authorizes such a brazen attempt by the *noticed party* to legitimize a unilateral scheduling of a deposition. The Magistrate Judge ordered the Rule 30(b)(6) deposition to occur either during the first or third weeks of December. This merely set the time frame in which the outstanding depositions were to occur. The November 14 Order did not divest Defendants of their responsibility under Rule 30(b) to issue proper notice stating the time and place of the deposition. Nor did the October 31 or November 14 orders

charge Ms. Anderson with any substantive duty exceeding that which Local Rule 30–1(d) requires.

Ms. Anderson adhered to the Magistrate Judge's October 31 and November 14 orders and to Local Rule 30–1(d). Following the November 14 pretrial conference, Ms. Anderson emailed Mr. Brand with her availability for the third week of December. She stated her preference to depose Plaintiff entities on Monday, December 15, and fact witnesses on Wednesday and Thursday, December 17 and 18, respectively. She followed her proposed schedule with a request that Mr. Brand confirm whether the dates worked for Plaintiffs. With no response by Wednesday, November 19, Ms. Anderson issued notice setting the Rule 30(b)(6) deposition for December 15. Mr. Brand represents that on November 19, he "told [Ms.] Anderson that he would provide her the availability of each of Plaintiffs' witnesses shortly." (Response at 3). He finally responded to Ms. Anderson on December 3 to inform her that his clients plan to be deposed on Saturday, December 20. Ms. Anderson objected on grounds that she was unavailable that day. In a final attempt to find a mutually agreeable date, Ms. Anderson offered to depose Plaintiff entities on December 22, 29, or 30. Mr. Brand did not respond to this offer or move for a protective order, pursuant to Rule 26(c), against Defendants' notice of the deposition. Therefore, Plaintiffs had no legitimate excuse for failing to appear for the noticed deposition. Accordingly, Defendants are entitled to the reasonable expenses, including attorney's fees, they incurred in filing their December 15 motion for contempt and sanctions.

### B. Contempt

Defendants also seek an order of contempt against Plaintiffs for failing to obey a court order. "Civil contempt is 'a unique civil sanction because its aim is both coercive and compensatory." *SEC v. Hyatt*, 621 F.3d 687, 692 (7th Cir. 2010). As of the date of this Entry, Plaintiff entities have submitted to a Rule 30(b)(6) deposition, rendering the coercive aspect of a finding of contempt inapplicable. Thus, the court finds the imposition of sanctions sufficient to compensate Defendants for filing the present motion and therefore **DENIES** Defendants' motion for a finding of contempt.

### III. Conclusion

For the foregoing reasons, Defendants' Motion for Contempt and Sanctions (Filing No. 161) is **GRANTED in part** and **DENIED in part**. The court **ORDERS** Defendants to file a bill of costs, as contemplated by Rule 37, for those expenses no later than **September 30, 2015**. Plaintiffs may file any objections to the bill of costs by **October 14, 2015**.

**SO ORDERED** this 17th day of September 2015.

_____
RICHARD L. YOUNG, CHIEF JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.