UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| PAIN CENTER OF SE INDIANA, LLC, INDIANA PAIN MEDICINE AND REHABILITATION CENTER, P.C., and ANTHONY ALEXANDER M.D., )<br><br>Plaintiffs,<br><br>vs.<br><br>ORIGIN HEALTHCARE SOLUTIONS LLC, SSIMED, LLC, and ORIGIN HOLDINGS, INC., a Delaware Corporation,<br><br>Defendants. | 1:13-cv-00133-RLY-DKL |

**ENTRY ON PLAINTIFFS' MOTION FOR SANCTIONS FOR DEFENDANTS' SEPTEMBER 15, 2014 DEPOSITION CONDUCT**

**I. Introduction**

Plaintiffs, Pain Center of SE Indiana, LLC, Indiana Pain Medicine and Rehabilitation Center, P.C., and Anthony Alexander, M.D., filed this breach of contract action against Defendants, Origin Healthcare Solutions LLC, SSIMED, LLC, and Origin Holdings, Inc., a Delaware Corporation. Plaintiffs conducted a Rule 30(b)(6) deposition of Defendants on September 15, 2014. This matter now comes before the court on Plaintiffs' Motion for Sanctions for Defendants' September 15, 2014 Deposition Conduct pursuant to Federal Rules of Civil Procedure 30(d)(2), 37(a), and the court's inherent authority. For the reasons set forth below, the court **DENIES** Plaintiffs' Motion.

1

## II. Legal Standard

Pursuant to Rule 30(d)(2), "The court may impose an appropriate sanction—including the reasonable expenses and attorney's fees incurred by any party—on a person who impedes, delays, or frustrates the fair examination of the deponent." Sanctions serve two general purposes: "to penalize those whose conduct may be deemed to warrant such a sanction" and "to deter those who might be tempted to such conduct in the absence of such a deterrent." *NHL v. Metro. Hockey Club*, 427 U.S. 639, 643 (1976) (per curiam). It is well established that "district courts have 'wide latitude in fashioning appropriate sanctions.'" *E360 Insight, Inc. v. Spamhaus Project*, 658 F.3d 637, 642 (7th Cir. 2011) (quoting *Johnson v. Kakvand*, 192 F.3d 656, 661 (7th Cir. 1999)).

Plaintiffs also filed their motion pursuant to Rule 37(a) and the court's inherent powers. However, neither of these can provide Plaintiffs with relief in this case. According to the plain language of Rule 37(a), the fee-shifting provision invoked by Plaintiffs may only be invoked after a party has filed one of the specific motions listed within the rule (e.g., motion to compel disclosure, motion to compel discovery response). Fed. R. Civ. P. 37(a)(3), (5)(A). If that motion is granted or "the disclosure or requested discovery is provided after the motion was filed," the court must require the offending party "to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(5)(A). Plaintiffs fail to point to a motion to compel filed in connection to the deposition at issue, and the court finds none upon its review of the docket. Consequently, the court cannot issue sanctions on this ground.

Additionally, federal courts do possess an inherent power to impose sanctions upon a showing of "bad-faith conduct or willful disobedience of an order." *Trade Well Int'l v. United Cent. Bank*, 778 F.3d 620, 627 (7th Cir. 2015). However, the Supreme Court has cautioned against using this power "when there is bad-faith conduct in the course of litigation that could be adequately sanctioned under the Rules." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 50 (1991). In such a case, "the court ordinarily should rely on the Rules rather than the inherent power." *Id. See Dal Pozzo v. Basic Mach. Co.*, 463 F.3d 609, 614 (7th Cir. 2006) ("[T]he inherent power of the court is a residual authority, to be exercised sparingly and only when other rules do not provide sufficient basis for sanctions.") (internal quotation marks omitted). Whereas Rule 30(d)(2) directly addresses the alleged misconduct and Plaintiffs offer no argument whatsoever as to why the court should use its inherent power in lieu of (or perhaps in addition to) Rule 30(d)(2), the court declines to consider issuing sanctions on this ground.

**III. Discussion**

Plaintiffs argue that the court should impose sanctions upon Defendants and their attorney for seven reasons: (1) Defendants' counsel asserted an excessive number of objections that served to coach the deponents; (2) Defendants' counsel frequently interrupted Plaintiffs' counsel; (3) Defendants' counsel improperly instructed deponents not to answer questions; (4) Deponents improperly refused to answer questions; (5) Defendants' counsel prematurely terminated the deposition; (6) Defendants' counsel made a misrepresentation to the court regarding the topics to which each witness would

testify; and (7) Defendants failed to produce documents that were responsive to Plaintiffs' discovery requests and necessary for Plaintiffs' preparation for the deposition.

### A. Reasons One, Two, Four, Five, Six, and Seven

After a comprehensive review of the deposition transcript, the court finds that reasons one, two, four, five, six, and seven are unfounded and warrant little discussion. While Defendants' counsel did assert many objections during the deposition, the quantity of objections cannot, in and of itself, warrant sanctions. Defendants contend that their attorney made good-faith objections in order to preserve issues. Indeed, the Federal Rules provide that objections relating to "the form of a question" or "other matters that might have been corrected at that time" will be waived if no objection is made during the deposition. Fed. R. Civ. P. 30(d)(3)(B). The court cannot conclude that Defendants' counsel's objections were frivolous to the point that Plaintiffs were denied the true opportunity to examine the witnesses. Indeed, as so often happens, the witnesses generally answered despite counsel's objections. To paraphrase a sister district court, "[Defendants'] counsel could have made fewer objections, but [s]he is not obliged to be a potted plant." *Covad Communs. Co. v. Revonet, Inc.*, 267 F.R.D. 14, 26 (D.D.C. 2010).

Regarding reason two, Plaintiffs point to no examples of Defendants' counsel interrupting Plaintiffs' counsel's questions. Upon a review of the transcript, the court actually found instances of attorneys for both parties interrupting each other. Whereas both parties engaged in this conduct, sanctioning Defendants is not appropriate. In reason four, Plaintiffs allege that the Defendant deponents improperly refused to answer questions. Plaintiffs point to only one instance of an actual refusal to answer. (Rule

4

30(b)(6) Deposition ("Dep.") at 207:5-9). In that instance, the witness declined to answer a question posed by Plaintiffs' Counsel, Volney Brand, because the question was allegedly outside of the scope of the topics for which he had been designated. While the deponent should not have refused to answer the question for the reasons discussed below, in Part III(B), the court does not find that this single refusal "impede[d], delay[ed], or frustrate[d] the fair examination of the deponent." Fed. R. Civ. P. 30(d)(2). In other examples highlighted by Plaintiffs, the deponent ultimately responded to the question at issue by stating that he did not know the answer. (*See e.g., id.* at 179:20-181:14). Asserting insufficient knowledge to answer is not refusing to answer. Consequently, sanctions are not warranted.

With respect to reason five, the deposition transcript does not reflect that Defendants prematurely terminated the deposition. Rather the transcript shows that *Plaintiffs' counsel* ended the deposition just after 6:00 p.m. In the context of this argument, Plaintiffs direct the court to consider the parties' disagreement regarding how to handle the court reporter's sudden need to leave due to an emergency. According to the transcript, Plaintiffs took the position that it was best to resume the deposition in the morning, but Defendants wanted Plaintiffs to hire a backup court reporter and finish the matter that night. This reasonable difference in opinion does not warrant sanctions. In reason six, Plaintiffs allege that Defendants made a misrepresentation to the Magistrate Judge, but fail to point to any specific statement made to the court. Plaintiffs further neglect to offer a citation to the deposition transcript where this misrepresentation is purportedly revealed. Plaintiffs' unsupported accusations do not warrant sanctions.

Lastly, Plaintiffs' allegation about Defendants' failure to produce a document went wholly undiscussed in their opening brief. This reason for sanctions was only mentioned in the numbered list of alleged misconduct that appears in the beginning of the brief. Plaintiffs did not explain this argument in any way until their reply brief. It is therefore waived. *See e.g., United States v. Turner*, 203 F.3d 1010, 1019 (7th Cir. 2000) ("Turner's remaining arguments . . . were not raised until his reply brief and are, therefore, waived.").

### B. Reason Three

In reason three, Plaintiffs allege that counsel for Defendants improperly instructed deponents not to answer questions. Upon an extensive review of the transcript, the court finds that Defendants' counsel instructed a deponent to not answer a question on nine separate occasions. (Dep. at 101:2-12, 129:24-130:2, 144:20-145:6, 170:9-16, 170:22-25, 171:25-172:21, 180:1-10, 195:18-196:3, 222:23-223:5). The Federal Rules explicitly state that this type of instruction is only warranted in three very limited circumstances: "A person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3)." Fed. R. Civ. P. 30(c)(2). Of the nine occasions cited above, Defendants reasonably invoked the attorney-client privilege in four. (Dep. at 170:9-16, 170:22-25, 171:25-172:21, 222:23-223:5). Additionally, Defendants reasonably invoked a court-ordered limitation in three. (*Id.* at 101:2-12, 180:1-10, 195:18-196:3). The remaining two instructions to not answer trouble the court. In both, Defendants' Counsel, Michele Anderson, directed the witness not to answer because the question posed by Plaintiffs'

Counsel, E. Carlos Tanner, was purportedly outside of the scope of the topics for which the witness was designated. (*Id.* at 129:24-130:2, 144:20-145:6[1]). This was not a proper reason for instructing the witness not to answer, as it has no basis in Rule 30(c)(2).[2] Whereas there are only two instances of these improper instructions, sanctions are not warranted.

In the context of advancing arguments in support of reason three, Plaintiffs engaged in a blatant mischaracterization of the record. Specifically, Plaintiffs included the following excerpt in their brief

> TANNER: Do you have any records from 2003 to 2012 of what Joy King conveyed to her various salespeople?

---

[1] Defendants assert that this instruction to not answer was actually given because Plaintiffs' counsel was harassing the witness. However, that is not the reason Defendants' counsel gave during the deposition. (*See* Dep. at 145:4-6 ("I am going to instruct the witness not to answer this question that is outside the scope of his designated topics, yet again.)). Regardless, even if the court takes Defendants at their word, their reason for the instruction is still insufficient. The Seventh Circuit squarely addressed this argument and held,
> Webber gave no reason beyond his declaration that the questions were designed to harass rather than obtain information--which may well have been their point, but Fed. R. Civ. P. 30(d) specifies how harassment is to be handled. Counsel for the witness may halt the deposition and apply for a protective order, *see* Rule 30(d)(4), but must not instruct the witness to remain silent.

*Redwood v. Dobson*, 476 F.3d 462, 467-68 (7th Cir. 2007). As Plaintiffs note, Defendants never filed for a protective order.

[2] Indeed, the Magistrate Judge came to the same conclusion in her Entry discussing Plaintiffs' motion for leave to conduct an additional Rule 30(b)(6) deposition:
> [T]he Court reminds Defendants' counsel that they may instruct a witness to not answer a question "only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3)." Fed. R. Civ. P. 30(c)(2). Instructions not to answer because questions seek information beyond what counsel believes is the scope of a topic assigned to the witness are not proper instructions, unless counsel pursues a motion under Rule 30(d)(3) because the questioning is also "being conducted in bad faith or in a manner that unreasonably annoys, embarrasses, or oppresses the deponent or party", Rule 30(d)(3)(A).

(Filing No. 238 – Entry on Plaintiffs' Motion for Leave to Depose Defendants).

>ANDERSON: Objection.  Outside of the scope of this witness's designation.
>
>TANNER: Excuse me.  Do you have any information or records which detail what Joy King conveyed to the people to whom she tried to sell Practice Manager or EMRge?
>
>ANDERSON: Objection. It sounds like a document request. Outside of this witness's designated testimony.  Calls for speculation.
>
>WITNESS: No.  I am not aware of any myself personally.
>
>**ANDERSON: I have directed him not to answer.  Do you have another question?**

(Memorandum in Support at 14 (quoting Dep. at 118:20-119:8)) (emphasis original).  As Defendants emphasize, the bolded line does not actually appear in the deposition transcript.  Defendants' counsel did not direct the witness to not answer that question.  To make matters worse, Plaintiffs failed to even acknowledge that they made an error after Defendants raised the issue.  Plaintiffs use phrases such as "perhaps the citation is off due to the litany of examples of obstruction" and "even if there was a simple accidental incorrect citation," but at no point do they accept responsibility or state that this was unintentional.

Attempts to deceive this court will not be tolerated.  Fabricating testimony to bolster an argument invites sanctions: "Lawyers have a duty of candor to the tribunal.  Counsel for appellant would be well-advised to observe that violations of this duty can lead to sanctions even more severe than payment of an opponent's fees and costs." *Beam v. IPCO Corp.*, 838 F.2d 242, 249 (7th Cir. 1988) (*quoted in Cleveland Hair Clinic, Inc v. Puig*, 200 F.3d 1063, 1067 (7th Cir. 2000)).  In this instance, the court chooses to

exercise its discretion and not impose sanctions. However, any additional attempts to mislead this court will result in sanctions.

## IV. Conclusion

For the foregoing reasons, the court **DENIES** Plaintiffs' Motion for Sanctions for Defendants' September 15, 2014 Deposition Conduct (Filing No. 130).

**SO ORDERED** this 30th day of September 2015.

_____
RICHARD L. YOUNG, CHIEF JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.