UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| PAIN CENTER OF SE INDIANA, LLC; INDIANA PAIN MEDICINE AND REHABILITATION CENTER, P.C.; and ANTHONY ALEXANDER, M.D.,<br><br>　　　　　　　　　Plaintiffs,<br><br>　　vs.<br><br>ORIGIN HEALTHCARE SOLUTIONS LLC;<br>SSIMED (d/b/a SSIMED Holding, LLC);<br>ORIGIN HOLDINGS, INC., a Delaware Corporation; JOHN DOES (1–50) inclusive; and JOHN DOES (1–100) inclusive,<br><br>　　　　　　　　　Defendants. | 1:13-cv-00133-RLY-DKL |

**ENTRY ON PLAINTIFFS' OBJECTION TO THE MAGISTRATE JUDGE'S NOVEMBER 10, 2015 ENTRY**

On November 13, 2015, Plaintiffs, the Pain Center of SE Indiana, LLC, the Indiana Pain Medicine and Rehabilitation Center, P.C., and Anthony Alexander, M.D., filed an objection to the Magistrate Judge's November 10, 2015 Entry (Filing No. 315) denying Plaintiffs' Motion to Quash the Subpoenas Issued to Jeff Leis (Filing No. 307). Defendants, SSIMED, d/b/a SSIMED Holding, LLC, Origin Healthcare Solutions, LLC, and Origin Holdings, Inc., timely subpoenaed Mr. Leis to appear for a deposition on November 16, 2015. Because Plaintiffs have again resorted to Federal Rule of Civil Procedure 72(a) to simply rehash arguments presented to and rejected by the Magistrate

1

Judge, the court elects to **OVERRULE** this objection absent response from Defendants. Accordingly, the deposition of Mr. Leis will proceed as noticed on Monday, November 16, 2015.

The court relies on the Magistrate Judge's recitation of events leading up to this point:

> On August 31, 2015, Plaintiffs served on Defendants disclosures for two expert witnesses, Mark Anderson and Jeffrey W. Leis. [Doc. 309-2.] Mr. Leis is a C.P.A. employed by plaintiff Pain Medicine & Rehabilitation Center, where he is responsible for "financial reporting and cash management." [Doc. 309-2, p. 33.] The subject matter on which Plaintiffs expected Mr. Leis to testify was "turnover ratios, cash changes, lost opportunities and lost profits," and Plaintiffs' disclosure summarized Mr. Leis's expected testimony as follows:
>
>> Jeff Leis is expected to testify that Plaintiffs lost over $102,000,000 in lost opportunities including growth opportunities due to Defendants' conduct. Jeff Leis is expected to testify about lost profits associated with physician turnover and lost opportunities associated with surgery centers; MRI; and a laboratory due to Defendants' conduct.
>
> *Id.*[1]
>
> On September 11, 2015, Defendants served on Mr. Leis a subpoena *duces tecum* for production by September 20, 2015, and a subpoena *ad testificandum*, for a deposition on October 30, 2015. *Minute Entry, Telephonic pretrial conference, October 16, 2015* [doc. 305] ("*Oct. 16 Minute Entry*"), ¶ 1. On September 23, 2015, Plaintiffs informed Defendants that they were withdrawing their designation of Mr. Lies as an expert

---

[1] Two of the issues on which Mr. Campbell, the other expert that Plaintiffs' disclosed, was asked to opine are (1) "to determine if the practice was financially harm [*sic*] because of software issues or if the plaintiff was financially harm [*sic*] because of inadequate training or workflow processes once the charges are captured" and (2) "To determine if Plaintiffs were defrauded". *Expert Report of Mark Anderson* [doc. 309-2], at 2 (doc. 309-2, p. 5).

witness.[2] Defendants withdrew their documents subpoena to him on September 28, 2015. *Id.* Defendants disclosed their expert, Angela R. Morelock, on September 30, 2015. *Defendants' Notice of Expert Disclosure* [doc. 297].

On October 5, 2015, Defendants served on Mr. Leis a new subpoena *duces tecum* for production on October 16, 2015, [doc. 309-7], seeking documents relevant to his previously disclosed expert opinion, *Oct. 16 Minute Entry*, ¶ 1, p. 2. On October 9, 2015, the Court ordered Plaintiffs to make their (final) expert disclosures within seven days and Defendants to make their disclosures seven days later. *Order* [doc. 300]. On October 16, 2015, Plaintiffs made their final expert disclosures, again designating Mark Anderson and replacing Mr. Leis with Kaycea Campbell.[3] *Plaintiffs' Notice of Expert Disclosure* [doc. 304]. On that same date, the Court set the expert-discovery deadline to November 20, 2015. *Oct. 16 Minute Entry*, ¶ 3. On October 23, 2015, Defendants made their final disclosure of Ms. Morelock as their expert witness. *Defendants' Supplemental Notice of Expert Disclosure* [doc. 306].

During the October 16, 2015 pretrial conference, Plaintiffs opposed Defendants subpoenas to Mr. Leis and the Court ordered Plaintiff to file a motion to quash. *Oct. 16 Minute Entry*, ¶ 1, p. 2. The Court also vacated Mr. Leis's noticed deposition date of October 30, 2015, on Plaintiffs'

---

[2] During a pretrial conference on August 28, 2015, Plaintiffs' counsel suggested that he might want an extension of his expert-disclosures deadline, which, at that time, was August 31, 2015 (the set deadline of August 30, 2015 was a Sunday). *Minute Entry, Telephonic pretrial conference, August 28, 2015* [doc. 280]; *Entry and Order* [doc. 254]. The Court reminded Plaintiffs' counsel that a motion was required. *Id.* Three days later, on their deadline, Plaintiffs made their above-described expert disclosures and also moved for an extension of their deadline. [Docs. 281 and 282.] On September 2, 2015, the Court suspended Plaintiffs' expert-disclosures deadline pending determination of Defendants' motion to extend the dispositive motions deadline. *Interim Order* [doc. 285]. (The Court suspended the dispositive-motions deadline when Defendants filed their motion. *Interim Order* [doc. 276.]) Defendants' deadline for making their expert disclosures is thirty days after Plaintiffs disclose their experts. *Entry and Order* [doc. 254].

[3] Ms. Campbell was retained "to calculate lost profit" related to the parties' dispute; "to opine on whether the alleged damages related to the lost opportunities are reasonable and to calculate the amount of lost profits Pain Center can recover from the alledged [*sic*] wrongful act by Origin." *An Evaluation Lost Profits* [doc. 309-11], at 2. Her report is two-fold: (1) an opinion on whether there is a link between Origin's "bad act" and the "loss of business ventures suffered by Pain Center;" and (2) a calculation of the lost profits. *Id.* She examined lost profits in five areas: a urine drug-test lab, an MRI facility, an ambulatory surgery center, a surgery center investment opportunity, and the loss of key personnel. *Id.*

counsel's advice of Mr. Leis's unavailability and ordered the parties to find another date. *Id.*

On or about October 23, 2015, Defendants served a new subpoena *ad testificandum* on Mr. Leis for a deposition on November 16, 2015. [Doc. 309-10.] On the same date, Plaintiffs filed the present motion to quash the deposition and production subpoenas on Mr. Leis; Defendants responded, Plaintiffs replied, and the matter was discussed during the November 5, 2015, pretrial conference. It is now ready for decision.

In a lengthy, well-reasoned opinion, the Magistrate Judge rejected each of Plaintiffs' arguments and denied the motion to quash. Plaintiffs filed their objection four days later.

The district court reviews non-dispositive discovery decisions of a magistrate judge for clear error. *Domanus v. Lewicki*, 742 F.3d 290, 295 (7th Cir. 2014) (citation omitted); Fed. R. Civ. P. 72(a). In short, the court will not upset a magistrate judge's decision unless it runs contrary to law or leaves the court with a definite and firm conviction that the magistrate judge made a mistake. *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 943 (7th Cir. 1997).

In support of their objection, Plaintiffs largely recycle—word-for-word—arguments made on motion before the Magistrate Judge. (*See* Filing No. 308 at 2; Filing No. 310 at 2–3). As the court has explained, (*see* Filing No. 258), recycled arguments in support of a motion do nothing to support a Rule 72(a) objection unless the moving party explains why the rejection of those arguments amounts to clear error. Plaintiffs state that the "finding that because Leis was not specifically employed by Plaintiffs in anticipation

4

for trial or was not retained, he is subject to expert discovery is contrary to law." (Filing No. 316 at 4).  Plaintiffs stop there, and so will the court.[4]

## Conclusion

For the foregoing reasons, Plaintiffs' Objection to Magistrate Judge LaRue's November 10, 2015 Entry (Filing No. 316) is **OVERRULED**.


**SO ORDERED** this 13th day of November 2015.

_____
RICHARD L. YOUNG, CHIEF JUDGE
United States District Court
Southern District of Indiana


Distributed Electronically to Registered Counsel of Record.

---

[4] Furthermore, Plaintiffs' complaint that attending a deposition causes additional cost and inconvenience to Plaintiffs' counsel adds no value at this posture.