UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| PAIN CENTER OF SE INDIANA, LLC; INDIANA PAIN MEDICINE AND REHABILITATION CENTER, P.C.; and ANTHONY ALEXANDER, M.D., <br><br>Plaintiffs,<br><br>vs.<br><br>ORIGIN HEALTHCARE SOLUTIONS LLC; SSIMED (d/b/a SSIMED Holding, LLC); ORIGIN HOLDINGS, INC., a Delaware Corporation; JOHN DOES (1–50) inclusive; and JOHN DOES (1–100) inclusive,<br><br>Defendants. | 1:13-cv-00133-RLY-DKL |

**ENTRY ON PLAINTIFFS' OBJECTION TO THE MAGISTRATE JUDGE'S JULY 17, 2015 ENTRY AND ORDER**

On June 11, 2015, the Magistrate Judge extended the fact discovery deadline from June 30 to July 10, 2015, to accommodate a few outstanding depositions. She emphasized that this fifth extension was "a firm deadline that will not be extended." (Filing No. 240 ("June 11 Entry") at 5). On June 30, Plaintiffs, the Pain Center of SE Indiana, LLC, the Indiana Pain Medicine and Rehabilitation Center, P.C., and Anthony Alexander, M.D., again moved to extend the discovery deadlines. Defendants, SSIMED, d/b/a SSIMED Holding, LLC, Origin Healthcare Solutions, LLC, and Origin Holdings, Inc., opposed the motion. On July 17, 2015, the Magistrate Judge denied the motion in

1

part, finding that Plaintiffs failed to show good cause for another extension. (Filing No. 254 ("July 17 Entry") at 3). Plaintiffs now object to the ruling, pursuant to Federal Rule of Civil Procedure 72(a), to the extent the Magistrate Judge declined to extend the deposition deadline from July 10 to August 15, 2015. For reasons set forth below, the court **OVERRULES** Plaintiffs' objection.[1]

The district court reviews the non-dispositive discovery decisions of a magistrate judge for clear error. *Domanus v. Lewicki*, 742 F.3d 290, 295 (7th Cir. 2014) (citation omitted); Fed. R. Civ. P. 72(a). The court, therefore, will not upset a magistrate judge's decision unless it runs contrary to law or leaves the court with a definite and firm conviction that the magistrate judge made a mistake. *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 943 (7th Cir. 1997). When reviewing a non-dispositive matter for clear error, the court considers only arguments and issues put forth before the Magistrate Judge. *Murray v. Nationwide Better Health*, No. 10–3262, 2011 WL 2516909, at *2 (C.D. Ill. June 24, 2011) (citations omitted).

The Magistrate Judge denied the motion for extension of time on grounds that (1) Plaintiffs failed to establish the relevance or importance of the expected testimony of either Dr. Philip R. Corvo or Dr. Carol Harris, and (2) Plaintiffs failed to explain how Defendants' delayed production of "alter ego" discovery prevented Plaintiffs from

---

[1] Plaintiffs note that Defendants filed their brief in opposition beyond the fourteen-day window provided by Local Rule 7-1(c). Defendants' untimely response has no consequence, however, because the court can overrule Plaintiffs' objection on its face, as discussed *infra*. The court will cite to Defendants' materials only for illuminative purposes to place the Magistrate Judge's ruling into context.

examining either doctor prior to the deadline.[2]  Plaintiffs claim these findings amount to clear error.

Federal Rule of Civil Procedure 16(b) charges the court with issuing a scheduling order that limits, *inter alia*, the time to complete discovery.  A party seeking to modify the schedule may do so only with the court's consent upon a showing of good cause.  Fed. R. Civ. P. 16(b)(4).  "Courts have a legitimate interest in ensuring that parties abide by scheduling orders to ensure prompt and orderly litigation."  *Campania Mgmt. Co. v. Rooks, Pitts & Poust*, 290 F.3d 843, 851 (7th Cir. 2002) (citation omitted).  Accordingly, the Seventh Circuit advises district courts to firmly adhere to discovery deadlines established after consultation with the parties.  *Id.* at 851–52.

In their motion for extensions of time, Plaintiffs cursorily stated that delayed production of alter ego discovery and "witness cancellations" warranted another deadline extension to complete depositions.  (*See* Filing No. 246 ¶ 3).  Denying the motion, the Magistrate Judge noted Plaintiffs' failure to even minimally specify the documents, if any, missing from Defendants' production of alter ego discovery and how their absence prevented meaningful examination of the witnesses.  In an attempt to show clear error, Plaintiffs merely remind the court that it previously determined Plaintiffs were entitled to

---

[2]    The "alter ego" discovery at issue relates to the ownership interests and operational interdependence among the defendant entities.  This production was the subject of a prolonged dispute which the court ultimately resolved in Plaintiffs' favor.  (*See* Filing No. 154).  The record reflects that Defendants produced alter ego discovery in two phases—the first on January 15 and the second on February 6, 2015.  (*See* Filing No. 264-1).  Plaintiffs represent that the inconsistent labeling of data discs made it impossible for Plaintiffs' counsel to confirm whether the production was fully responsive until mid-June.  (*See* Filing No. 274 at 3; Filing No. 243 at 2).

certain alter ego discovery.  (*See* Filing No. 260 4–5).  This falls far short of explaining how delayed receipt of such discovery prevented Plaintiffs from deposing either doctor.  It accomplishes even less in showing clear error.

As to the depositions of Dr. Corvo and Dr. Harris, Plaintiffs attempted to show good cause only with respect to Dr. Harris, claiming that her employer interfered with the deposition by "intimat[ing] that a motion to compel is necessary in order to obtain her deposition . . . ."  (*See* Filing No. 252 at 2–3).  The Magistrate Judge deemed this insufficient to establish good cause because Plaintiffs' made no attempt to describe the relevance or nature of either doctor's expected testimony.[3]  Absent the slightest effort to establish good cause—i.e., some reason to believe the absence of the sought testimony would prejudice Plaintiffs—Rule 16(b) compelled denial of Plaintiffs' motion.

Now on objection, Plaintiffs' rely on the faulty conclusion that the Magistrate Judge deemed the doctors' expected testimony irrelevant.  A finding that Plaintiffs failed to make their case for relevance or prejudice does not equate to a finding of irrelevance.  (*See* July 17 Entry at 4 ("Plaintiffs also have not shown the relevance or materiality of any expected testimony from Drs. Corvo or Harris.")).  Indeed, during a June 11 conference, the Magistrate Judge accepted Plaintiffs' representation, over Defendants' objection, that Dr. Corvo "might have insight into the [EMger and Practice Manager Suite software at issue]."  (June 11 Entry at 1–2).  Plaintiffs subpoenaed Dr. Corvo on June 6 for a deposition set for Saturday, June 20, immediately following five consecutive

---

[3] The court also notes the complete absence of documentation, prior to the filing of the present objection, to support Plaintiffs' claim of interference.

days of depositions. (July 17 Entry at 3; Filing No. 264-1). On June 11, Plaintiffs' counsel still had not confirmed Dr. Corvo's availability for June 20. Because no exceptional circumstances warranted ordering a deposition to occur on a Saturday, the Magistrate Judge instructed Plaintiffs to find another date (before the July 10 deadline) for the deposition. (June 11 Entry 2–3). Plaintiffs failed to do so and likewise failed to explain their failure to the Magistrate Judge.[4] Thus, the claim that the Magistrate Judge found the expected testimony of Drs. Corvo and Harris irrelevant has no basis in fact. Plaintiffs, once again, simply failed to make their case before the Magistrate Judge and resorted to Rule 72 for a second take. (*See, e.g.*, Filing No. 258 at 5–7 (rejecting arguments raised for the first time on a Rule 72(a) objection)).

Plaintiffs also suggest that because the Magistrate Judge permitted the depositions to go forward in the first place, they did not need to further defend the relevance or importance of the expected testimony to justify another deadline extension. (*See* Filing No. 260 at 3). This wrongly presumes that a minimum justification for subpoenaing a potential witness during the discovery period suffices as good cause to depart from a scheduling order. Plaintiffs' logic, in effect, would remove the teeth from any such deadline. Failure to establish good cause before the Magistrate Judge condemns

---

[4] The closest Plaintiffs come to showing good cause lies in an attempt to establish their diligence, claiming that "during the last few months there have been over [twenty] depositions conducted." (Filing No. 252 at 2). They also divert blame to Defendants by baldly asserting that their "enormous obstruction" caused Plaintiffs' predicament. (*Id.* at 3). Without more, the Magistrate Judge was well within her discretion to discredit such claims.

5

Plaintiffs' objection to defeat. *See* Fed. R. Civ. P. 16(b)(4); *Murray*, 2011 WL 2516909, at *2.

## Conclusion

For the foregoing reasons, Plaintiffs' Objection to the Magistrate Judge's July 17, 2015 Entry and Order (Filing No. 260) is **OVERRULED**.

**SO ORDERED** this 8th day of December 2015.

_____
RICHARD L. YOUNG, CHIEF JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.