**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| PAIN CENTER OF SE INDIANA, LLC THE PAIN MEDICINE AND REHABILITATION CENTER, P.C. and ANTHONY ALEXANDER, M.D., <br><br> Plaintiffs, <br><br> v. <br><br> ORIGIN HEALTHCARE SOLUTIONS LLC; SSIMED (d/b/a SSIMED Holding, LLC); ORIGIN HOLDINGS, INC., a Delaware Corporation; JOHN DOES (1-50) inclusive; and (1-100), inclusive, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) )   Case No. 1:13-cv-0133-RLY-DKL |

**PLAINTIFFS' PROPOSED INSTRUCTIONS**
PLAINTIFFS' PROPOSED INSTRUCTIONS

PROPOSED JURY INSTRUCTION NO. 1.
(Breach of Contract)

To recover damages from SSIMED, Pain Center of S.E. Indiana, must prove all of the

following by the greater weight of the evidence:

(1) The parties entered into a contract

(2) Defendant failed to perform its part of the contract or performed in a defective manner

(3) SSIMED's breach of contract damaged Pain Center of SE Indiana and Pain Medicine and

Rehabilitation Center P.C.

(4) The damages arose naturally, i.e according to usual course of things from the breach of

contract itself, or as may be reasonably supposed to have been within the contemplation

of the parties at the time they entered into the contract as  probable result of the breach.

Modified Indiana Instruction 3309; Shumate v. Lycan, 675 N.E.2d 749, 753 (Ind.Ct.App. 1997).

### PROPOSED JURY INSTRUCTION NO. 2.
(Destruction of Evidence)

Pain Center of SE Indiana and Pain Medicine and Rehabilitation Center P.C. contend that

SSIMED at one time possessed additional claims data.  However, SSIMED contends that either

the evidence  never existed, evidence was not in its possession, was not destroyed, or the loss of

evidence was accidental.

You may assume that such evidence would have been unfavorable to SSIMED only if you

find by a preponderance of the evidence that:

1) SSIMED intentionally destroyed the evidence or caused the evidence to be destroyed;

   and

2) SSIMED did so in bad faith.

7th Circuit Pattern Instructions

### PROPOSED JURY INSTRUCTION NO. 3.
(Damages)

If you find that SSIMED is liable to Pain Center of SE Indiana and Pain Medicine and

Rehabilitation Center P.C., then any doubts and uncertainties as to the proof of the exact measure

of damages must be resolved against SSIMED.

*Berkel & Co. Contractors, Inc. v Palm & Assocs, Inc.*, 814 N.E.2d 649, 659 (Ind. Ct. App. 2004).

PROPOSED JURY INSTRUCTION NO. 4.
(Loss Profits-Amount)

Pain Center of SE Indiana and Pain Medicine and Rehabilitation Center P.C. are requesting

damages for lost profits beyond compensation for actual claims losses for ventures associated with

a surgery center, MRI, and Dr. Mccomer's departure. Proof of the fact of damages in a lost profits

case means proof that there would have been some profits. If Pain Center of SE Indiana and Pain

Medicine and Rehabilitation Center P.C. proof leave uncertain whether Pain Center of SE Indiana

and Pain Medicine and Rehabilitation Center P.C. would have made any profits at all, there can

be no recovery. But once this level of causation has been established for the fact of damages, less

certainty (perhaps none at all) is required in proof of the amount of damages. While the proof of

the fact of damages must be certain, proof of the amount can be an estimate, uncertain or inexact.

Robert L. Dunn, Recovery of Damages for Lost Profits § 1.3 at 11. It is particularly in the area of quantifying the amount of lost profits that courts impose the risk of uncertainty on the breaching party whose breach gave rise to the uncertainty.

*Mid-America Tablewares, Inc. v. Mogi Trading Co., Ltd*., 100 F.3d 1353, 1367 (7th Cir. 1996)

Dated: September 25, 2018

Respectfully Submitted,

/s/ Volney Brand
Volney Brand #32283-10
**BRAND LAW PLLC**
3626 N Hall
Dallas, Texas 75219
Telephone: (214) 932-1472
Facsimile: (214) 932-1473
E-mail: volney@brandlaw.us.com

OF COUNSEL:

E. Carlos Tanner, III, Esq. (MS Bar No. 102713)
**Tanner & Associates, LLC**
P.O. Box 3709
Jackson, Mississippi 39207
Carlos.tanner@thetannerlawfirm.com
601.460.1745 (telephone)
662.796.3509 (facsimile)